RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GAFFEY and KEVIN GAFFEY )<br>)<br>Claimant, )<br>)<br>)<br>v. )<br>)<br>ACADIA INSURANCE COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO.:<br><br>04cv12354 RGS |

**COMPLAINT**      MAGISTRATE JUDGE _____

NOW COMES the Plaintiffs, Brian Gaffey and Kevin Gaffey, by and through their counsel, state as follows:

## PARTIES

1. Plaintiff, Kevin Gaffey, is an individual that resides at 13 Timber Lane, Town of Topsfield, County of Essex, Commonwealth of Massachusetts.

2. Plaintiff, Brian Gaffey, is an individual that resides at 76 Lawrence Road, Town of Boxford, County of Essex, Commonwealth of Massachusetts.

3. Defendant, Acadia Insurance Company is a Maine company with a principal place of business located at One Acadia Commons, Westbrook, Maine 04098-5010.

## JURISDICTION

4. Plaintiffs bring this suit against the Defendant vessel under the provisions of 28 U.S.C. s.1333 as this is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure

## FACTS

5. In August of 2003, the Plaintiffs owned a vessel best described as a 1999 Aquasport Osprey 225 Center Console, Massachusetts Registration Number MS 5532 B and vessel hull number AQABHAS1A999 (hereinafter "vessel").

6. Plaintiffs purchased a policy of insurance from the Defendant to protect said vessel.

7. On or about August 4, 2003, Dale Friedman of Sea Dog Yacht Sales, Inc. contacted the Plaintiffs stating that he had a potential purchaser for the Plaintiff's vessel.

8. This call was generated by Dale Friedman as the Plaintiffs did not have a brokerage agreement with him for the sale of the vessel.

9. On or about August 11, 2003, Plaintiff, Kevin Gaffey, signed a purchase and sale agreement that was prepared by Sea Dog Yacht Sales for the sale of the Plaintiffs' vessel.

10. Plaintiff, Brian Gaffey, never signed the purchase and sale agreement.

11. On or about August 13, 2003, a Sea Dog Yacht Sales employee inspected the Plaintiffs' vessel.

12. On or about August 15, 2003, Sea Dog Yacht Sales was allowed to take custody of the Plaintiffs' vessel for the purposes of moving the vessel to Sea Dog Yacht Sales' facility in Salisbury, Massachusetts.

13. The Plaintiffs' vessel was to be held at that facility until a closing occurred.

14. On or about August 26, 2003, the Plaintiffs' vessel was removed from Sea Dog's facility by Dale Friedman and given to a Pamela Jordon without the knowledge or consent of the Plaintiffs.

15. No bill of sale was ever signed by the Plaintiffs and no closing occurred.

16. The Plaintiffs' reported the theft of their vessel to the Police on August 29, 2003.

17. In September of 2003, the Defendant was notified of the theft of the Plaintiffs' vessel.

18. On October 6, 2003, the Defendant denied coverage for the theft of the vessel.

19. On October 28, 2003, the Plaintiffs received a letter from a Rhode Island attorney asserting that his client, Pamela Jordon, was entitled to the title of the Plaintiffs' vessel as Ms. Jordon had transferred funds to purchase the vessel to Sea Dog Yacht Sales.

20. Pamela Jordon filed suit against the Plaintiffs in Rhode Island state court for the purposes of obtaining title to the Plaintiffs vessel. See *Jordan v. Gaffety, et. al.*, Rhode Island Superior Court Civil Action No.: WC2003-664.

21. The Plaintiffs filed a motion to dismiss for lack of personal jurisdiction in the Rhode Island state court action.

22. The Rhode Island state court judge found that the deal between the Plaintiffs and Ms. Jordon was never consummated but ordered that the parties remain in status quo so that the Plaintiffs would not retake possession of the vessel.

23. The Plaintiffs, without a vessel and without insurance coverage, mitigated their damages by settling with Ms. Jordan and her broker for a total of $12,000.00.

24. The Plaintiffs expended approximately $9,120.61 in legal fees and costs to defend against the lawsuit filed by Ms. Jordan and to attempt to mitigate their damages.

25. The Yacht Policy in question states that the Defendant will cover theft when the entire yacht is stolen.

26. The insured value of the Plaintiffs' vessel was $37,000.00, as a result, the Plaintiffs are owed approximately $34,120.61 which represents the offsets of the monies expended in legal fees and costs with the offset of the monies recovered.

3

27. On September 15, 2004, the Plaintiffs again made demand for coverage in writing to the Defendant pursuant to M.G.L. c.93A and 176D for the theft of their entire vessel.

28. The Defendant has refused to provide coverage for the theft of the Plaintiffs' vessel.

## COUNT I

29. The Plaintiffs reallege and reaver paragraphs 1 through 28 above.

30. The Defendant provided insurance coverage for the Plaintiffs' benefit for the type of losses that was sustained to the Plaintiffs' vessel in August of 2003.

31. The Defendant breached its contract with the Plaintiffs when it denied coverage for the theft of the Plaintiffs' vessel.

32. As a result of the Defendant's breach, the Plaintiff has suffered money damages.

## COUNT II

33. The Plaintiffs reallege and reaver paragraphs 1 through 32 above.

34. The Defendants refusal to provide insurance coverage to the Plaintiffs for the loss constitutes an unfair and deceptive trade practices, which are knowing and willful.

35. The Defendant's unfair and deceptive trade practices are in violation of M.G.L. c.93A §§2 and 9.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court award them all of their damages, treble damages, attorneys fees and costs and any other such relief the Court feels is fair and just.

                                                Respectfully submitted,
                                                **KEVIN and BRIAN GAFFEY**
                                                By his attorney,

                                                _/s/ David S. Smith_
                                                David S. Smith, Esq.
                                                BBO No.: 634865
                                                Cianciulli & Ouellette
                                                163 Cabot Street
                                                Beverly, MA 01915
                                                Tel: (978) 922-9933
                                                Fax: (978) 922-6142

Dated: October 28, 2004