**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION
NO. 04-CV-12354-RGS

| | |
|---|---|
| BRIAN AND KEVIN GAFFEY | ) |
|  | ) |
|         Plaintiffs | ) |
| v. | ) |
|  | ) |
| ACADIA INSURANCE | ) |
| COMPANY | ) |
|  | ) |
|         Defendant | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 7.1(B), Rules of the United States District Court for the District of Massachusetts, submits the following Memorandum of Law in Support of its Motion to Dismiss.

**BACKGROUND**

In their Complaint dated October 28, 2004, Plaintiffs allege that they purchased an insurance policy from Defendant for their vessel, a 1999 Aquasport Osprey 225 Center Console (Massachusetts Registration No. MS 5532 B and Vessel Hull No. AQABHAS1A999). *See* Complaint, paragraphs 5-6. They further allege that one of them signed a purchase and sale agreement for the sale of their vessel (*id.*, para. 9); that they allowed the broker to take custody of the vessel until the closing (*id.*, para. 13); that the buyer claimed title because she had paid the purchase price to the broker (*id.*, para. 19); that the vessel was transferred to the buyer "without the knowledge or consent of the Plaintiffs" on or about August 26, 2003 (*id.*, para. 14); that

Plaintiffs reported the "theft" of their yacht on August 29, 2003 (*id.*, para. 16); that the buyer sued Plaintiffs to obtain title to the yacht (*id.*, para. 20); that Plaintiffs settled with the buyer and her broker (*id.*, para. 23); and that the yacht policy issued by Defendant "states that the Defendant will cover theft when the entire yacht is stolen" (*id.*, para. 25).

A true copy of the policy issued to Plaintiffs is attached hereto as Exhibit A. The limited coverage for vessel theft, to which Plaintiffs refer, is found in Section A of the policy. However, the policy, on page 9, provides in relevant part:

> **LEGAL ACTION AGAINST US** – No legal action against us on this policy may be begun unless the claimant has fully complied with all its terms. In addition, suits under Section A, B, C, and D must commence within one year of the happening of the physical event giving rise to the claim … .

The Complaint was filed on October 28, 2004, fourteen months after the event allegedly giving rise to Plaintiffs' claims. The Complaint is in two counts. Count I is a claim for breach of the insurance contract. In Count II, Plaintiffs allege that Defendant's refusal to provide coverage "constitutes an unfair and deceptive trade practices [sic]."

## ARGUMENT

### I.    Count I of the Complaint is time-barred by the plain terms of the policy.

A motion to dismiss tests the validity of the complaint, assuming the truth of all of the factual allegations therein. *See Blackstone Realty, LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001). A motion to dismiss may be based on a limitation-of-actions defense. *Rodi v. Southern New England School of Law,* 389 F.3d 5, 17 (1st Cir. 2004); *LaChapelle v. Berkshire Life Insurance Co.*, 142 F.3d 507, 509 (1st Cir. 1998). In such circumstances, the court may examine not only the complaint but also documents to which the complaint refers, even if not attached to the complaint. *Rodi*, 389 F.3d at 12, 18. Hence, in this action, predicated on an insurance

policy, it is entirely appropriate to consider the policy to determine whether the action was filed beyond the time limits plainly required under the policy.

This action was brought pursuant to the Court's admiralty jurisdiction. *See* Complaint, para. 4. Yacht policies, such as Plaintiffs' policy, are ocean marine policies within the federal court's admiralty jurisdiction. *See Acadia Insurance Co. v. McNeil*, 116 F.3d 599 (1st Cir. 1997). Federal law applies, unless no settled federal rule exists, in which case the general maritime law borrows from the applicable state law to furnish a framework for resolving the issue. *See Wilburn Boat Co. v. Fireman's Fund Insurance Co.*, 348 U.S. 310 (1955); *Windsor Mount Joy Mutual Insurance Co. v. Giragosian*, 57 F.3d 50, 54 (1st Cir. 1995).

Federal case law clearly establishes the rule that a provision in an insurance policy requiring the insured to commence suit within one year from the time of loss is valid. *See, e.g., Home Insurance Co. v. Dick,* 281 U.S. 397, 50 S. Ct. 338, 74 L. Ed. 926 (1930); *Thompson v, Phenix Insurance Co.*, 136 U.S. 287, 298, 10 S. Ct. 1019, 34 L. Ed. 408 (1890); *Riddlesbarger v. Hartford Insurance Co.*, 74 U.S. (7 Wall.) 386, 392, 19 L. Ed. 257 (1869); *Thomas v. Allstate Insurance Co.*, 974 F.2d 706 (6th Cir. 1992); *Barthelmas v. Fidelity-Phenix Fire Insurance Co.*, 103 F.2d 329, 331 (2d Cir. 1939); *Sauer v. Law, Union & Rock Insurance Co.*, 17 F.R.D. 430, 431 (D. Alaska 1954); *Cray v. Hartford Fire Insurance Co.*, 1 Blatchf. 280, 6 F. Cas. 788 (D. Conn. 1848). Federal courts have consistently upheld such limitation periods in marine policies. *See, e.g., Pacific Queen Fisheries v. Symer*, 307 F.2d 700 (9th Cir. 1962); *Transload & Transport, Inc. v. American Marine Underwriters, Inc.*, 94 B.R. 416, 419 (E.D. La. 1988); *Luckenbach v. Home Insurance Co.*, 142 F. 1023, 1026 (S.D.N.Y. 1905) ("This is a valid provision, which, in substance, has frequently been sustained by the courts.").

Under their policy, Plaintiffs had one year from the date of loss to commence suit. According to the Complaint, the alleged "theft" on which they predicate their claim occurred "[o]n or about August 26, 2003" and certainly no later than August 29, 2003, when they reported the "theft." Hence, their Complaint, filed after August 2004, is plainly barred under a valid provision of the insurance contract at issue.

## II.     Count II of the Complaint is likewise time-barred.

The only remaining question is whether Plaintiffs can avoid the contractual time limitation by reformulating their contract claim as a claim under M.G.L. c. 93A. Ordinarily, the statute of limitations for claims under Chapter 93A is four years. M.G.L. c. 260, §5A. However, this Court has squarely held that the four-year period does not apply where the Chapter 93A claim arises out of an insurance contract subject to a shorter limitation period. *Nunheimer v. Continental Insurance Co.*, 68 F. Supp.2d 75, 79-80 (D. Mass. 1999).

*Nunheimer* involved a claim for fire loss, subject to the Massachusetts statute of limitations which provided that "*any* claim by virtue of this policy" must be brought within two years. *Id.* at 79, *quoting* M.G.L. c. 175, §99 (emphasis by the Court). The Court reasoned that since the plaintiff's general claim for recovery of benefits was barred by the two-year statute of limitations, allowing him to bring claims under Chapters 93A and 176D "based solely on a denial of benefits under a fire insurance policy" would enable him to circumvent the two-year limitation. *Id.* The Court also relied on *Batsford v. Farm Family Mutual Insurance Co.*, 1996 Mass. Super. LEXIS 608, No. 94-3743, where the Superior Court rejected the argument that a negligent misrepresentation claim was not a claim under the policy, stating:

> The plaintiffs' claim, in whatever language couched, is clearly a claim "by virtue of the policy." Had there been no policy, there would be no claim and no lawsuit. The claim arises because of the policy.

4

*See id.* The *Nunheimer* court held that similarly, the "claims under Chapters 93A and 176D are undoubtedly claims that exist 'by virtue of the policy,' regardless of whether the claims are characterized as unfair or deceptive business and claims settlement practices, respectively." *Id.* at 80. *Accord*, *Faustman v. Commerce Insurance Co.*, 12 Mass. L. Rep. 264 (2000).

The pending case is indistinguishable. Plaintiffs' Chapter 93A claim is based solely on Defendant's "refusal to provide insurance coverage" which Plaintiffs contend was available under Section A of their policy. Hence, regardless of how Plaintiffs characterize it, Count II is a claim "under Section A," which had to be asserted in a suit commenced by (at the latest) August 29, 2004. Count II is therefore time-barred.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice pursuant to F.R. Civ. P. 12(b)(6).

Dated at Portland, Maine this 24th day of January, 2005.

        ACADIA INSURANCE COMPANY

        By its Counsel:

        /s/Leonard W. Langer

        /s/Marshall J. Tinkle
        BBO# 565513

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
(207) 874-6700
lwlanger@tchl.com

## CERTIFICATE OF SERVICE

    I, Leonard W. Langer, hereby certify that on January 24, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following: David Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, 01915, counsel for Plaintiff.

                                                /s/ Leonard W. Langer

LWL/Acadia/Gaffey
Memo of Law – Mot Dismiss