**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                                                                                          CIVIL ACTION
                                                                                          NO. 04-CV-12354-RGS

| | |
|---|---|
| BRIAN AND KEVIN GAFFEY | ) |
| | ) |
|               Plaintiffs | ) |
| v. | ) |
| | ) |
| ACADIA INSURANCE | ) |
| COMPANY | ) |
| | ) |
|               Defendant | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' COMPLAINT**

      NOW COMES the Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiffs' Complaint as follows:

      1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

      2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

      3.     Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

      4.     Paragraph 4 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6.      Defendant admits that Plaintiffs are named insureds on Acadia YPA 0071550, which covered the period October 10, 2002 to October 10, 2003.  To the extent that the allegations contained in Paragraph 6 of Plaintiffs' Complaint conflict with the above response, Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17. Defendant denies that Plaintiffs' vessel was stolen. Defendant admits that on or about September 23, 2003 it received a claim from Plaintiffs, and that on or about October 2, 2003 Defendant received a Vessel Owner's and/or Master's Statement of Loss dated September 27, 2003 indicating that Plaintiffs' vessel "may be involved in a fraud/theft situation …". Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies same.

25. Defendant states that the Policy in question speaks for itself. To the extent that Paragraph 25 of Plaintiffs' Complaint sets forth allegations contrary to the language of the Acadia Policy No. YPA 0071550, Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant admits that the agreed valued of the vessel insured by Acadia Policy No. YPA 0071550 was $37,000. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant admits that it received a letter dated September 15, 2004 from Plaintiffs' counsel in which he demanded payment for Plaintiffs' vessel. By way of further answer, Defendant responded to Plaintiff's counsel in a timely manner explaining why there was no coverage for Plaintiffs' alleged loss.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint. By way of further answer, there is no coverage pursuant to Acadia Policy No. YPA 0071550 for the claim being asserted by Plaintiffs.

## COUNT I

29. Defendant repeats and realleges its answers to Paragraphs 1-28, inclusive, above, of Plaintiffs' Complaint with the same force and effect as if more fully set forth above.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

## COUNT II

33. Defendant repeats and realleges its answers to Paragraphs 1-32, inclusive, above, of Plaintiffs' Complaint with the same force and effect as if more fully set forth above.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

WHEREFORE, Defendant Acadia Insurance Company respectfully requests that Counts I and II of Plaintiffs' Complaint be dismissed with prejudice, and that Defendant be awarded its costs and such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and as and for its affirmative defenses to Plaintiffs' Complaint states as follows:

1. Counts I and II of Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

2. Counts I and II of Plaintiffs' Complaint are barred by the applicable statute(s) of limitations.

3. Counts I and II of Plaintiffs' Complaint are time barred under the express terms of the subject policy.

      4.      Acadia Insurance Policy No. YPA 0071550 does not provide coverage for the loss alleged by Plaintiffs in this matter.

      5.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

      6.      Plaintiffs have released their claims in this matter.

      7.      Plaintiffs have waived any claims in this matter.

      8.      Plaintiffs' breaches of the contract of insurance upon which their claim is premised bars any recovery herein.

      9.      Plaintiffs have failed to mitigate their damages.

      10.      Defendant reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts as determined through full and complete discovery in this matter.

      ACADIA INSURANCE COMPANY

      /s/   Leonard W. Langer, Esq.

      /s/   Marshall J. Tinkle, Esq.
         BBO 565513

      Counsel for Defendant

Tompkins, Clough, Hirshon
   & Langer, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  207-874-6700

**CERTIFICATE OF SERVICE**

      I, Leonard W. Langer, hereby certify that on February 17th, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following: David S. Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, 01915, counsel for Plaintiffs.

                                              /s/ Leonard W. Langer

Acadia/Gaffey/Ans & Aff'm Def