## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRIAN GAFFEY and KEVIN GAFFEY )
                                            )

               Plaintiff, )

                                            )     CIVIL ACTION
v.                                      )     NO.: 04CV12354-RGS

                                            )

ACADIA INSURANCE COMPANY, )

               Defendant. )

### ACADIA INSURANCE COMPANY'S ANSWERS TO
### PLAINTIFFS' INTERROGATORIES

NOW COMES Defendant Acadia Insurance Company ("Acadia"), and pursuant to

Rule 33 of the Federal Rules of Civil Procedure, answers Plaintiffs' Interrogatories as

follows:

### ANSWERS TO INTERROGATORIES

1.      Please state your name, residential address, age, social security number,

business relationship to Acadia Insurance Company and your current position with Acadia

Insurance Company.

ANSWER:     Barbara L. Taylor, Director Property and Casualty Claims, Acadia

Insurance Company, One Acadia Commons, Westbrook, ME 04098-5010.

Defendant objects to the remaining portion of Interrogatory No. 1 on the grounds that

it seeks information that is not relevant to a claim or defense being made in this matter.

2.      Please identify by name, address, and company title all individuals, including

but not limited to underwriters, who were responsible for drafting and issuing yacht

*Exhibit "A"*

insurance policy to Kevin and Brian Gaffey for their 1999 Aquasport, Serial Number AQUABAA51A999 [sic].

ANSWER:    Upon information and belief, the yacht policy issued by Acadia Ins. Co. to Plaintiffs herein is the standard yacht policy used by Acadia Ins. Co. since it began writing marine insurance in the early 1990's. Ted Wirth, Marine Underwriter, Acadia Insurance Company, One Acadia Commons, Westbrook, ME 04098-5010; Brett Chase, Marine Underwriter, Acadia Insurance Company, One Acadia Commons, Westbrook, ME 04098-5010; and Jamie Palanza, Marine Underwriter, Acadia Insurance Company, One Acadia Commons, Westbrook, ME 04098-5010, all may have been involved at some point in issuing the subject yacht policy to Plaintiffs.

3.    Please identify by name, residential address, and company title all individuals who were involved with the claims adjusting of all claims submitted by Kevin and Brian Gaffey from 1999 to the present.

ANSWER:    Upon information and belief, the only claim reported by Kevin and Brian Gaffey from 1999 to the present is the current claim. The claim was originally handled by Mr. Isaac Howe, a marine claims adjuster for Acadia Insurance Company in its home office in Westbrook, ME. Mr. Howe subsequently left the company to pursue other interests, at which point Ms. Claire Mullaney, Claims Examiner, and Ms. Barbara Taylor, Director Property and Casualty Claims, Acadia Insurance Company, One Acadia Commons, Westbrook, ME 04098-5010, assumed the responsibility for the claim.

Defendant objects to the remaining portion of Interrogatory No. 1 on the grounds that it seeks information that is not relevant to a claim or defense being made in this matter.

2

*Exhibit "A"*

4.    Please identify all files maintained by Acadia Insurance Company concerning Kevin and Brian Gaffey and their 1999 Aquasport, serial number AQUABAA51A999 [sic] from 1999 to the present.

ANSWER:    Upon information and belief, the only files maintained by Acadia Insurance Company with regard to Plaintiffs in this matter are the underwriting file for the 1999 Aquasport, serial number AQUABHA51A999 and the current claim.

5.    Please describe and identify all manuals, memoranda, directives, instructions, guidelines or other writings within Acadia Insurance Company for the purpose of issuing yacht insurance policies similar to the one issued to Kevin and Brian Gaffey for their 1999 Aquasport, serial number AQUABAA51A999 [sic] from 1999 to the present.

ANSWER:    Defendant objects to Interrogatory No. 5 on the grounds that it calls for the disclosure of confidential and proprietary information of Acadia Ins. Co.

Without waiving such objection, Defendant states that there are no underwriting manuals, memoranda, directives, instructions, guidelines or other writings which are responsive to Interrogatory No. 5. Acadia does maintain a Claims Manual intended to be an informational tool to provided guidance in job performance and handling claims. Each claim, however, is individually investigated, and the Claims Manual in no way provides exact requirements for the investigation of or the handling of specific types of claims.

6.    Please identify all manuals, memoranda, directives, instructions, guidelines or other writings concerning claims adjusting and handling generally and specifically for home owner insurance policies like the ones issued to Kevin and Brian Gaffey for their 1999 Aquasport, serial number AQUABAA51A999 [sic] from 1999 to the present.

3

Exhibit "A"

ANSWER:    Upon information and belief, Acadia did not issue a "home owner insurance" policy to Plaintiffs for their 1999 Aquasport, serial number AQUABHA51A999.

7.    Please identify with specificity every individual who was involved in the investigation, internal review, the collaborate effort in drafting, and the author of any and all parts of Acadia Insurance Company's denial of coverage letter to Brian and Kevin Gaffey.

ANSWER:    Upon information and belief, Isaac Howe and Claire Mullaney.

8.    Please state every factual basis upon which Acadia Insurance Company denied coverage to Kevin and Brian Gaffey under the yachts insurance policy for the theft of their 1999 Aquasport.

ANSWER:    Please see the Letter of Declination prepared by Isaac Howe dated October 6, 2003, and the letter to David Smith, Esq. prepared by Ms. Barbara L. Taylor dated October 13, 2004.

9.    Please state every section, clause, exclusion, and/or provision in the subject insurance policy upon which Acadia Insurance Company relied upon for denying insurance coverage to Kevin and Brian Gaffey under the yachts insurance policy for the theft of their vessel in 2003.

ANSWER:    Please see the Letter of Declination prepared by Isaac Howe dated October 6, 2003, and the letter to David Smith, Esq. prepared by Ms. Barbara L. Taylor dated October 13, 2004.

10.    Please identify all statements or conversations between any employee of Acadia Insurance Company investigating any claims made that had anything to do with Sea Dog Yacht Sales and/or Dale Friedman.

4

Exhibit "A"

ANSWER:    Defendant is unable to respond fully to Interrogatory no. 10 in that Plaintiffs have not identified the parties to the subject conversations. Upon information and belief, Isacc Howe took a recorded statement over the telephone from Brian Gaffey on September 23, 2003, and spoke on the telephone with both Plaintiffs on October 6, 2003.

Defendant objects to the remaining portion of Interrogatory No. 10 on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of files on the basis of who a claims adjuster may have talked to, or when. In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense.

11.    Please identify by date, location and individual all investigations performed by Acadia Insurance Company concerning coverage issues involving the theft of the Plaintiffs' 1999 Aquasport.

ANSWER:    Please see the Letter of Declination prepared by Isaac Howe dated October 6, 2003, and the letter to David Smith, Esq. prepared by Ms. Barbara L. Taylor dated October 13, 2004.

12.    Regarding each expert witness whom you expect to testify at trial, please state the full name and address of all such expert witnesses, the subject matter on which each such expert may be expected to testify, the substance of all facts to which any such expert is expected to testify, the contents of all opinions to which each expert is expected to testify and a summary of the grounds for each opinion to which each such expert is expected to testify.

ANSWER:    Acadia has been advised by its counsel that no decision has been made at this point whether Defendant will retain experts in this matter. As soon as a determination

5

Exhibit "A"

is made, Defendant will provide the information required by Rule 26, F.R.Civ. P., and the Local Rules of the United States District Court for the District of Massachusetts.

13. Please describe in detail the drafting history of all the yachts insurance policies that are the subject matter of this action, including how many drafts of each policy and the dates said drafts were made.

ANSWER: Defendant objects to Interrogatory No. 13 on the grounds that it seeks information that is not relevant to either a claim or defense being made in this matter.

14. What information was disclosed to Acadia Insurance Company concerning the Plaintiffs' 1999 Aquasport, Sea Dog Yacht Sales and/or Dale Friedman that pertains to the coverage issues that are or may become an issue in this matter. Include in your answer who disclosed the information; whether it was written, verbal or by electronic means; the date, time and location the disclosure was made.

ANSWER: Upon information and belief, in August, 2003, Brian and Kevin Gaffey entered into a purchase and sales agreement for the sale of the insured vessel with Ms. Pamela Jordan pursuant to which Ms. Jordan agreed to purchase the vessel for the sum of $27,000, with a $2,650 deposit[1]. Brian Gaffey authorized his brother Kevin to sign the Purchase and Sales Agreement on their behalf, and Mr. Paul Larson of Boats Unlimited in Wakefield, RI, with authority from Ms. Jordan, signed on Ms. Jordan's behalf. Mr. Dale Freidman of Sea Dog Yacht Sales in Salisbury, MA acted as the Gaffeys' broker, and Mr. Larson acted as Ms. Jordan's broker. Brian Gaffey stated on September 24, 2003, that he and his brother had agreed to the deal and that once the purchase price was paid, they would turn over title to the vessel.

---

[1] The deposit of $2,650 was paid to Boats Unlimited on August 7, 2003.

6

*Exhibit "A"*

The P&S provided that a survey was a pre-condition to the purchase of the vessel. Therefore, the Gaffeys authorized Mr. Freidman to move the vessel from its berth at the Riverfront Marina in Newbury, MA to Sea Dog Yacht Sales in Salisbury, where it was surveyed on behalf of Ms. Jordan. Following the successful completion of the survey, Ms. Jordan wire-transferred the balance of the purchase price ($24,350) to Mr. Friedman, and made arrangements with him to have the vessel moved from Sea Dog's location to Rhode Island. A bill of sale was provided to Ms. Jordan with Kevin Gaffey's signature. Mr. Gaffey subsequently denied that he ever signed a bill of sale, and that his signature was forged.

When the Plaintiffs had not heard from Mr. Freidman by August 29, 2003, they traveled to Sea Dog Yacht Sales and found that their vessel was not there, and that Mr. Freidman had left and could not be located. The Plaintiffs learned, evidently that same day, that Ms. Jordan had, in fact, paid the full purchase price for the vessel, that Mr. Freidman was not to be found, and that the vessel had been moved to Rhode Island. The Plaintiffs thereupon filed a report with the Salisbury Police Department stating that although the purchase price had been paid by the seller to Mr. Freidman, they had not received it, and they had not authorized the vessel to be moved to Rhode Island. The entry in the report for "Offense" is "Fraud/Boat Sale". There is no indication that the Plaintiffs did not know where the vessel was located, nor was there ever any attempt to go to Rhode Island to retrieve it.

On September 23, 2003, Plaintiffs filed a claim with Acadia claiming that the vessel had been stolen, and that the subject policy should respond. Acadia, through Isaac Howe, immediately responded by requesting that Plaintiffs prepare and submit a proof of loss, as well as any supporting documents. Plaintiffs responded on October 2, 2003, by submitting a proof of loss, with supporting documents. Mr. Howe reviewed the materials, having already

7

$Exhibit "A"$

interviewed Brian Gaffey on the telephone. By letter dated October 6, 2003, Acadia, through

Mr. Howe, notified Plaintiffs that Acadia had completed its investigation, and determined

that what had been stolen was the money from the sale of the vessel, not the vessel itself, and

that there was no coverage pursuant to the policy for loss of money.

On or about October 28, 2003, Ms. Jordan's attorney in Rhode Island wrote to

Plaintiffs asking that they provide a bill of sale for filing in Rhode Island. Plaintiffs refused,

claiming that they had not been paid. Ms. Jordan subsequently filed suit in Rhode Island

seeking to force the Plaintiffs to provide the documentation necessary to allow Ms. Jordan to

register the vessel in Rhode Island. Plaintiffs moved to dismiss the action claiming that the

Rhode Island court lacked personal jurisdiction over them. After a hearing on January 9,

2004, the court agreed and dismissed the action for lack of personal jurisdiction. Following

the hearing, Plaintiffs and Ms. Jordan reached an agreement pursuant to which Ms. Jordan

and her broker would pay an additional $12,000 to the Gaffeys and they would provide a bill

of sale. The bill of sale was provided on or about March 23, 2004. The Bill of Sale recites

that the vessel was sold to Pamela Jordan for the sum of $27,000, the original sales price set

forth in the purchase and sales agreement.

The above information was procured during Acadia's investigation into Plaintiffs'

claim, and includes Mr. Howe's interview with Brian Gaffey, as well as the review of

documents provided by Plaintiffs.

15.     Please describe what relationship Blackadare [sic] Marine Insurance Agency

had with Acadia Insurance Company from 1999 to the present.

ANSWER:     Defendant objects to Interrogatory No. 15 on the grounds that it seeks

information that is not relevant to either a claim or defense being made in this matter.

8

Exhibit "A"

16.    Please describe what relationship Blackadare [sic] Marine Insurance Agency has with Brian Gaffey and Kevin Gaffey.

ANSWER:    Acadia is not aware of any relationship between Blackadar Marine Insurance Agency, Inc. and Brian Gaffey or Kevin Gaffey.

17.    Please identify and describe all statements or conversations between any employee of Blackadare [sic] Marine Insurance Agency and any employee of Acadia Insurance Company from 1999 to the present concerning any allegations that concern this matter.

ANSWER:    Upon information and belief, on October 6, 2003, Isaac Howe advised Blackadar Marine Insurance Agency, Inc. that Plaintiffs' claim had been denied and why.

18.    Please identify all other individuals or entities by name, address and telephone number that submitted a claim for a loss that in anyway involves Sea Dog Yacht Sales and/or Dale Friedman from 1999 to the present.

ANSWER:    Defendant objects to Interrogatory No. 18 on the grounds that it seeks information that is not relevant to either a claim or defense being made in this matter.

Defendant further objects to Interrogatory No. 18 on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of files on the basis of the information requested in Interrogatory no. 18. In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense.

Without waiving the above objections, Mr. Mark Priest, 885 Main St., Dunstable, MA 01827, submitted a claim similar to Plaintiffs herein, which claim was denied for the same reasons Acadia denied Plaintiffs' claim.

9

Exhibit "A"

AS TO OBJECTIONS:

Leonard W. Langer, Esq.

DATED at Westbrook, Maine, this __13__ day of June, 2005.

ACADIA INSURANCE COMPANY

By: _____
Barbara L. Taylor, duly authorized

STATE OF MAINE
CUMBERLAND, SS.

June _13th_, 2005

Personally appeared the above-named Barbara L. Taylor, being duly authorized, and swore that the above Answers to Interrogatories are true to the best of her knowledge, information and belief, and where based upon her information and belief, she believes them to be true.

Before me,
_____
Notary Public

My Commission Expires _____

MY COMMISSION EXPIRES APRIL 26, 2009

10

Exhibit "A"

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on June 14, 2005, I caused to be mailed by first class mail, postage prepaid, a copy of DEFENDANT ACADIA INSURANCE COMPANY'S ANSWERS TO PLAINTIFFS' INTERROGATORIES to David S. Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, MA 01915, counsel for Plaintiffs Brian and Kevin Gaffey.

Leonard W. Langer, Esq.

Acadia/Gaffey
Acadia Ans to Plts' Ints

11

Exhibit "A"

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRIAN GAFFEY and KEVIN GAFFEY          )
                                       )
      Plaintiffs,                    )
                                       )
                                )      CIVIL ACTION
v.                                     )      NO.: 04CV12354-RGS
                                       )
ACADIA INSURANCE COMPANY,              )
                                       )
      Defendant.                     )

### PLAINTIFF ACADIA INSURANCE COMPANY'S
### RESPONSES TO PLAINTIFFS'
### REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Acadia Insurance Company, by and through its counsel,

Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 34 of the Federal Rules of

Civil Procedure, responds to Plaintiffs' Request for Production of Documents as follows:

### GENERAL OBJECTION

Defendant Acadia Insurance Company objects to the "Definitions" set forth in

Plaintiffs' Request for Production of Documents to the extent that they exceed the parameters

of Rules 26 and 34, F.R.Civ.P.

Exhibit "B"

## **RESPONSES**

1.      Any and all underwriting file(s) concerning Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Acadia will produce the documents requested in Paragraph 1 of Plaintiffs' Request for Production of Documents.

2.      Any and all claims file(s) concerning Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Defendant objects to Paragraph 2 Plaintiffs' Request for Production of Documents to the extent that it seeks documents which are protected by the attorney-client privilege, the work-product doctrine, or which were prepared in anticipation of litigation.

Without waiving such objection, Acadia will produce a copy of the claim file in this matter. Acadia will not produce the documents which it has received from Plaintiffs' counsel and which may be included in the claims file in this matter.

3.      All underwriting manuals, guidelines, instructions and directives for compiling and issuance of yachts insurance policies from 1999 to the present.

RESPONSE:   Upon information and belief, there are no documents which are responsive to Paragraph 3 Plaintiffs' Request for Production of Documents.

4.      All correspondence between Acadia Insurance Company and Blackadar Marine Insurance Agency or any other insurance agent or broker concerning Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Please see Acadia's underwriting and claim files which are being produced pursuant to Plaintiffs' Request for Production of Documents.

2

Exhibit "B"

5.     All correspondence between Acadia Insurance Company and Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Please see Acadia's underwriting and claim files which are being produced pursuant to Plaintiffs' Request for Production of Documents

6.     All interoffice writing including, but not limited to documents, memoranda, writings, including emails reduced to documents and emails contained in computer/network/systems concerning issuance of yachts insurance policies from 1999 to the present.

RESPONSE:   Defendant objects to Paragraph 6 of Plaintiffs' Request for Production of Documents on the grounds that it is overly broad, burdensome, and seeks documents that are not relevant to either a claim or defense being made in this matter.

7.     All interoffice writings including, but not limited to documents, memoranda, writings, including emails, reduced to documents and emails contained in computer/ network/systems concerning issuance of yachts insurance policies to Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Please see the underwriting files being produced pursuant to Plaintiffs' Request for Production of Documents.

8.     All interoffice writings including, but not limited to documents, memoranda, writings, including emails reduced to documents and emails contained in computer/network/systems concerning any and all claims submitted by Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:   Please see the claims file being produced pursuant to Plaintiffs' Request for Production of Documents.

3

Exhibit "B"

9.     Any and all personal notes of underwriters concerning yacht insurance policies issued to Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:  Please see the underwriting files being produced pursuant to Plaintiffs' Request for Production of Documents.

10.     Any and all personal notes concerning investigation or claims handling of all claims submitted by Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:  Please see the claims file being produced pursuant to Plaintiffs' Request for Production of Documents.

11.     All writings and documents authored or obtained by any investigator concerning Brian Gaffey and Kevin Gaffey from 1999 to the present concerning coverage issues that are in dispute in this matter.

RESPONSE:  Upon information and belief, there are no documents which are responsive to Paragraph 11 of Plaintiffs' Request for Production of Documents.

12.     Copies of all pleadings in cases in which Acadia Insurance Company has denied coverage on a yacht insurance policies in the last ten (10) years in which the issue concerned or involved in anyway Sea Dog Yacht Sales and/or Dale Friedman.

RESPONSE:  Upon information and belief, there are no documents which are responsive to Paragraph 12 of Plaintiffs' Request for Production of Documents.

13.     The personnel file of all underwriters involved with the issuance of yachts insurance policy to Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:  Defendant objects to Paragraph 13 of Plaintiffs' Request for Production of Documents on the grounds that it seeks proprietary and confidential information. Defendant further objects to Paragraph 13 of Plaintiffs' Request for Production

4

Exhibit "B"

of Documents on the grounds that it seeks information that is not relevant to a claim or defense being made in this matter.

14.     The personnel file of all claims adjusters or claims managers concerning any claim submitted by Brian Gaffey and Kevin Gaffey from 1999 to the present.

RESPONSE:  Defendant objects to Paragraph 14 of Plaintiffs' Request for Production of Documents on the grounds that it seeks proprietary and confidential information.  Defendant further objects to Paragraph 14 of Plaintiffs' Request for Production of Documents on the grounds that it seeks information that is not relevant to a claim or defense being made in this matter.

15.     Any and all correspondence, writings or other documents forwarded to or received from outside investigators concerning Brian Gaffey, Kevin Gaffey, Sea Dog Yacht Sales and/or Dale Friedman from 1999 to the present.

RESPONSE:  Upon information and belief, there are no documents which are responsive to Paragraph 15 of Plaintiffs' Request for Production of Documents.

16.     Any and all manuals, instructions or directives concerning the handling or issuance of Reservation of Rights letter on coverage issues from 1999 to the present.

RESPONSE:  Defendant objects to Paragraph 16 of Plaintiffs' Request for Production of Documents on the grounds that it calls for the disclosure of confidential and proprietary information of Acadia Ins. Co.  Defendant further objects to Paragraph 16 of Plaintiffs' Request for Production of Documents on the grounds that it seeks information that is not relevant to either a claim or defense being made in this matter.

17.     Any and all manuals, instructions or directives concerning the handling or issuance of Denial of Coverage letters on coverage issues from 1999 to the present.

5

Exhibit "B"

RESPONSE:  Defendant objects to Paragraph 17 of Plaintiffs' Request for Production of Documents on the grounds that it calls for the disclosure of confidential and proprietary information of Acadia Ins. Co.

18.    All depositions of Isaac Howe and Barbara L. Taylor obtained in the last ten (10) years concerning denial of coverage.

RESPONSE:  Upon information and belief, there are no documents which are responsive to Paragraph 18 of Plaintiffs' Request for Production of Documents.

19.    Copy of all insurance policies and all riders issued by Acadia Insurance Company for the benefit of Brian Gaffey and Kevin Gaffey and/or the 1999 Aquasport, Serial No.: AQUABAA51A999 [sic] that was in effect in August and September of 2003.

RESPONSE:  Defendant will produce a copy of the policy issued to Brian and Kevin Gaffey covering the 1999 Aquasport, Serial No.: AQUABHA51A999 that was in effect in August and September of 2003.

20.    Copy of all documents in the possession of Acadia Insurance Company that in anyway concerns Sea Dog Yacht Sales and/or Dale Friedman.

RESPONSE:  Defendant objects to Paragraph 20 of Plaintiffs' Request for Production of Documents on the grounds that it seeks information that is not relevant to a claim or defense being made in this matter.  Defendant further objects to Paragraph 20 of Plaintiffs' Request for Production of Documents on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of the information set forth in Plaintiffs' Request.  In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense.

6

Exhibit "B"

21.     Copy of all other denial letters issued by Acadia Insurance Company that concerns in anyway claims made by other boat owners for alleged loss or theft that involved in any way Sea Dog Yacht Sales and/or Dale Friedman.

RESPONSE:  Defendant objects to Paragraph 21 of Plaintiffs' Request for Production of Documents on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of the information set forth in Plaintiffs' Request. In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense.

Without waiving the above Objection, Defendant will produce a copy of a letter to Mark Priest dated September 23, 2003.

Dated: June 14, 2005

Leonard W. Langer, Esq.
Counsel for Defendant
Acadia Insurance Company

TOMPKINS, CLOUGH, HIRSHON
        & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112
(207) 874-6700

7

Exhibit B

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on June 1⌀, 2005, I caused to be mailed by first class mail, postage prepaid, a copy of DEFENDANT ACADIA INSURANCE COMPANY'S ANSWERS TO PLAINTIFFS' INTERROGATORIES to David S. Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, MA 01915, counsel for Plaintiffs Brian and Kevin Gaffey.

Leonard W. Langer, Esq.

Acadia/Gaffey
Acadia's Resp Plts' Req Prod Docs

8

Exhibit "B"

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRIAN GAFFEY and KEVIN GAFFEY )
           )
           Plaintiffs, )
           )       CIVIL ACTION
v. )       NO.: 04CV12354-RGS
           )
ACADIA INSURANCE COMPANY, )
           )
           Defendant. )

### PLAINTIFF ACADIA INSURANCE COMPANY'S
### RESPONSES TO PLAINTIFFS' SECOND
### REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Acadia Insurance Company, by and through its counsel,

Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 34 of the Federal Rules of

Civil Procedure, responds to Plaintiffs' Second Request for Production of Documents as

follows:

### GENERAL OBJECTION

Defendant Acadia Insurance Company objects to the "Definitions" set forth in

Plaintiffs' Request for Production of Documents to the extent that they exceed the parameters

of Rules 26 and 34, F.R.Civ.P.

Exhibit "C"

## RESPONSES

1.    The Claims Manual referred to in Acadia's Answer to Plaintiff's Interrogatory

No. 5 dated June 13, 2005.

RESPONSE:  Defendant repeats the objection originally asserted in the Answer to

Interrogatory No. 5 dated June 13, 2005, as well as the objections raised to Requests Nos. 16

& 17 of Plaintiff's Request for Production of Documents dated June 14, 2005.

2.    Any other documents referred to by Barbara L. Taylor in responding to the

Answers to Interrogatories dated June 13, 2005 that has not already been produced.

RESPONSE:  Defendant has produced all of the documents upon which Barbara L.

Taylor relied in responding to the Answers to Interrogatories dated June 13, 2005.

Dated:  August 12, 2005

/s/  Leonard W. Langer, Esq.
Counsel for Defendant
Acadia Insurance Company

TOMPKINS, CLOUGH, HIRSHON
&  LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112
(207) 874-6700
lwlanger@tchl.com

2

Exhibit "C"

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on August 12, 2005, I electronically served the within DEFENDANT ACADIA INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS'SECOND REQUEST FOR PRODUCTION OF DOCUMENTS to David S. Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, MA 01915, counsel for Plaintiffs Brian and Kevin Gaffey.

/s/   Leonard W. Langer, Esq.

Acadia/Gaffey
Acadia's Resp Plts' 2nd Req Prod Docs

3

Exhibit "C"