UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GAFFEY and KEVIN GAFFEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACADIA INSURANCE COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO.: 04CV12354-RGS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL
DOCUMENTS CONCERNING A CLAIM MADE BY MARK PRIEST**

INTRODUCTION

The Plaintiffs have filed a motion to compel the Defendant to produce documents concerning a claim made by Mark Priest for the theft of his boat. The Defendant has refused to produce the documents stating that they are not relevant to the pending litigation. The Defendant's position is inappropriate as the information sought is directly relevant to the Plaintiffs' claim for coverage and their claim that Acadia has violated M.G.L. c. 93A and c. 176D.

FACTS

In August of 2003, the Plaintiffs owned a 1999 Aquasport Osprey 225 Center Console boat. The Plaintiffs purchased a policy of insurance from the Defendant to protect said vessel.

On August 4, 2003, Dale Friedman of Sea Dog Yacht Sales, Inc. contacted the Plaintiffs stating that he had a potential purchaser for the Plaintiffs' vessel. On August 11, 2003, Plaintiff, Kevin Gaffey, signed a purchase and sale agreement that was prepared by Sea Dog Yacht Sales for the sale of the Plaintiffs' vessel. Plaintiff, Brian Gaffey, never signed the purchase and sale agreement.

On August 13, 2003, a Sea Dog Yacht Sales employee inspected the Plaintiffs' vessel. On August 15, 2003, Sea Dog Yacht Sales was allowed to take custody of the Plaintiffs' vessel for the purposes of moving the vessel to Sea Dog Yacht Sales' facility in Salisbury, Massachusetts. The Plaintiffs' vessel was to be held at that facility until a closing occurred. On August 26, 2003, the Plaintiffs' vessel was stolen by Dale Friedman and given to a Pamela Jordon without the knowledge or consent of the Plaintiffs. No bill of sale was ever signed by the Plaintiffs and no closing occurred. The Plaintiffs' reported the theft of their vessel to the Police on August 29, 2003.

In September of 2003, the Defendant was notified of the theft of the Plaintiffs' vessel. On October 6, 2003, the Defendant denied coverage for the theft of the vessel. On October 28, 2003, the Plaintiffs received a letter from a Rhode Island attorney asserting that his client, Pamela Jordon, was entitled to the title of the Plaintiffs' vessel as Ms. Jordon had transferred funds to purchase the vessel to Sea Dog Yacht Sales. Pamela Jordon filed suit against the Plaintiffs in Rhode Island state court for the purposes of obtaining title to the Plaintiffs vessel. See *Jordan v. Gaffety, et. al.*, Rhode Island Superior Court Civil Action No.: WC2003-664.

The Plaintiffs filed a motion to dismiss for lack of personal jurisdiction in the Rhode Island state court action. The Rhode Island state court judge found that the deal between the Plaintiffs and Ms. Jordon was never consummated but ordered that the parties remain in status quo so that the Plaintiffs would not retake possession of the vessel. The Plaintiffs, without a vessel and without insurance coverage, mitigated their damages by settling with Ms. Jordon and her broker for a total of $12,000.00. The Plaintiffs expended approximately $9,120.61 in legal fees and costs to defend against the lawsuit filed by Ms. Jordon and to attempt to mitigate their damages.

The Yacht Policy in question states that the Defendant will cover theft when the entire yacht is stolen. The insured value of the Plaintiffs' vessel was $37,000.00, as a result, the Plaintiffs are owed approximately $34,120.61 which includes legal fees and costs with the offset of the monies recovered. On September 15, 2004, the Plaintiffs again made demand for coverage in writing to the Defendant pursuant to M.G.L. c.93A and 176D for the theft of their entire vessel. As part of that demand, the Plaintiffs asserted, *inter alia*¸ that the Defendant was improperly handling the claim. The Plaintiff filed this action alleging breach of contract and violation of M.G.L. c. 93A and 176D.

The Plaintiff undertook discovery in this action by sending a interrogatories and document requests to the Defendant. See Exhibit "A" and "B" attached hereto. Interrogatory number 18 asked and Acadia responded as follows:

> Please identify all other individuals or entities by name, address and telephone number that submitted a claim for a loss that in anyway involves Sea Dog Yacht Sales and/or Dale Friedman from 1999 to the present.
>
> Defendant objects to Interrogatory No. 18 on the grounds that it seeks information that is not relevant to either a claim or defense being made in this matter.
> Defendant further objects to Interrogatory No. 18 on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of files on the basis of the information requested in Interrogatory no. 18. In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense.
> Without waiving the above objections, Mr. Mark Priest 885 Main St., Dunstable, MA 01827, submitted a claim similar to Plaintiffs herein, which claim was denied for the same reasons Acadia denied Plaintiffs' claim. See Exhibit "A" attached hereto.

Document Request number 20 asked for and Acadia responded as follows:

> Copy of all documents in the possession of Acadia Insurance Company that in anyway concerns Sea Dog Yacht Sales and/or Dale Friedman.
>
> Defendant objects to Paragraph 20 of Plaintiffs' Request for Production of Documents on the grounds that it seeks infomriaton that is not relevant to a claim or defense being made in this matter. Defendant further objects to Paragraph 20 of Plaintiff's Request for

memo2.doc

> Production of Documents on the grounds that it is unduly burdensome in that Acadia's files are not maintained in such a way as to allow retrieval of the information set forth in Plaintiffs' Request. In order to provide the requested information, Acadia would have to review thousands of files, which would be unreasonably time consuming and require Acadia to incur unreasonable expense. See Exhibit "B" attached hereto.

Upon information and belief, Mark Priest submitted a claim that his vessel was stolen by Sea Dog Yacht Sales and/or Dale Friedman at the same time the Plaintiffs' vessel was stolen. The fundamental difference between the two claims is that Mr. Priest signed a bill of sale and Certificate of Title transferring ownership of the vessel to some third party. He gave those documents to Dale Friedman. The Plaintiffs never signed such documents.

ARGUMENT

The scope of discovery under the Federal Rules is very broad. See Fed.R.Civ.P. 26(b)(1). Under the liberal standard set forth in that rule, "information is discoverable if there is any possibility it might be relevant to the subject matter of the action." See *EEOC v. Electro-Term, Inc.,* 167 F.R.D. 344, 346 (D. Mass 1996). The first issue in the case is whether the Plaintiffs' yacht was stolen. The second issue in the Plaintiffs' case is whether the Defendant has acted unfairly and deceptively in handling the Plaintiffs' claims in violation of M.G.L. c. 93A and 176D. It is clear from Defendant's answer to interrogatories that Mark Priest's claim was similar to the Plaintiffs' and that Acadia denied coverage for the same reason. The Priest file is certainly another claim identified by Acadia that is similar to the Plaintiffs. This is relevant to the Plaintiffs claim and the Plaintiff are without any other way to obtain the precise information that is contained in Acadia's file.

The Defendant has failed to demonstrate that production of requested documents would be annoying, burdensome or completely irrelevant to thrust of litigation, the insured is entitled to discovery of the Defendant's insurance claim manual to test accuracy, veracity and fairness of

the Defendant in handling the Plaintiffs' claim.  See e.g. *Lavin v. A.G. Becker & Co.*, 60 FRD 684 (1973 ND Ill).  The claims information is clearly germane to this case and cannot be concealed.  The Plaintiff undertook the proper steps to request the information pursuant to the applicable rules.  It must not be withheld.

CONCLUSION

The Plaintiff respectfully requests that this Honorable Court compel the Defendant to produce the documents concerning the Mark Priest claim for the theft of his vessel.  Further, the Plaintiff asks that this Honorable Court award the Plaintiffs attorneys fees and costs pursuant to Rule 37(b)(2).

> Brian Gaffey & Kevin Gaffey
> By their attorneys
>
> /s/ David S. Smith
>
> Stephen M. Ouellette, Esquire
> BBO No.:  543752
> David S. Smith, Esquire
> BBO No.: 634865
> Cianciulli and Ouellette
> 163 Cabot Street
> Beverly, MA 01915
> Tel:  (978) 922-9933

CERTIFICATE OF SERVICE

I, David S. Smith, attorney for the plaintiff herein, hereby certify that on September 6, 2005, I electronically served the within document to Leonard  Langer, attorney for the Defendant herein at Tompkins, Clough, Hirshon & Langer, P.A. 3 Canal Plaza, P.O. Box 15060 Portland, Maine 04112-5060.

> /s/ David S. Smith
>
> David S. Smith, Esq.

memo2.doc