EXHIBIT
Taylor
1
PENGAD 800-631-6989
12/19/05

# CIANCIULLI & OUELLETTE
### ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
A Professional Association

163 CABOT STREET
BEVERLY, MASSACHUSETTS 01915

Stephen M. Ouellette*
Lori A. Cianciulli
———————
David S. Smith*

*Also Admitted in Maine

Telephone:     (978) 922-9933
Facsimile:     (978) 922-6142

Sender's E-mail: maritimeattorney@aol.com
http://www.candolawyers.com

September 15, 2004

Mr. Isaac Howe
Marine Claims Representative
Acadia Insurance
P.O. Box 9010
Westbrook, Maine 04098

Re:     Claim Number 5131633
        Policy Number 0071550
        Date of Loss: 9/3/03

## MASSACHUSETTS GENERAL LAWS CHAPTER 93A DEMAND

Dear Mr. Howe,

I have been retained by Kevin and Brian Gaffey to pursue their claim for insurance coverage under the policy of insurance issued by Acadia for their 22 foot Aquasport 225 Osprey (vessel) that was stolen in September of 2003. On behalf of my clients, I demand that Acadia pay the Gaffey's $34,120.61 for the theft of their vessel.

In May of 2003, the Gaffey's negotiated with Dale Friedman of Sea Dog Yacht Sales, Inc. concerning the potential purchase of a pleasure craft. As part of the purchase, they would have been required to trade in their vessel. That deal was not consummated and the vessel never left the care, custody or control of the Gaffeys.

On or about August 4, 2003, Mr. Friedman contacted the Gaffeys stating that he had a potential purchaser for the Gaffeys' vessel. This call was generated by Mr. Friedman as the Gaffeys did not have a brokerage contract with him for the sale of the vessel. On August 11, 2003, Kevin Gaffey did sign a purchase and sale agreement that was prepared by Sea Dog for the sale of the vessel. Brian Gaffey never signed the purchase and sale agreement. On August 13, 2003, a Sea Dog employee inspected the vessel. On August 15, 2003, Sea Dog was allowed to take custody of the vessel for the purposes of moving the vessel to its facility in Salisbury, Massachusetts. The vessel was to be held at the facility until a closing occurred which was scheduled for August 26, 2003.

**CIANCIULLI & OUELLETTE**

Isaac Howe
September 15, 2004
-2-

Around August 26, 2003, the vessel was removed from Sea Dog's facility. At the time the vessel was removed, there was no closing. No bill of sale was signed by the Gaffeys. The Gaffeys' reported the theft of their vessel to the Police on August 29, 2003.

In September of 2003, Acadia was notified of the theft. On October 6, 2003, Acadia informed the Gaffeys that Acdia concluded that money from the sale of the yacht was stolen by Sea Dog Yacht Sales and that money is not covered under the subject policy. On October 28, 2004, the Gaffeys received a letter from a Rhode Island attorney asserting a claim for title to the vessel. The Gaffeys refused to produce the title as the individual with possession of the vessel, Ms. Pamela Jordon, did not have the right to possess the vessel.

Pamela Jordon filed suit in Rhode Island state court against the Gaffeys and Sea Dog Yacht Sales. As a result, the Gaffeys were required to retain counsel to defend their vessel. The attorneys for the Gaffeys filed a Motion to Dismiss for lack of personal jurisdiction. During the hearing on this matter, the Court concluded that the Gaffeys did not agree to have a sale of their vessel. The Court went on to state that while they signed a purchase and sale agreement, "[t]hey never signed a title, never signed a bill of sale, never consummated the sale." See Transcript, page 75. The Court dismissed the action, but ordered that the parties remain in status quo, in other words, the Gaffeys could not commence an action in Rhode Island federal court, in admiralty, to retake possession of the vessel.

The Gaffeys, without a vessel and without insurance coverage, mitigated their damages by settling with Pamela Jordon and her broker for a total of $12,000.00. It cost the Gaffeys approximately $9,120.61 in legal expenses for the services of Bertram E. Snyder, Esq. of Looney & Grossman 101 Arch Street, Boston, Massachusetts and Patrick Dougherty, Esq. 155 S. Main Street, Providence, Rhode Island. The vessel's value under the policy was $37,000.00.

The Yacht Policy in question states in Section A as follows:

**PROPERTY INSURED** - We insure:

1.  The Yacht described on the Declaration page;
2.  The dingy described on the Declaration page;
3.  The outboard motor described on the Declaration Page;
4.  The boat trailer described on the Declaration page;
5.  Your personal effects and the personal effects of others while on board the yacht or being carried onto or off the yacht described on the Declaration Page.

**CIANCIULLI & OUELLETTE**

Isaac Howe
September 15, 2004
-3-

**LOSSES NOT COVERED** - We will not pay any loss, damage or expenses caused by or resulting, whether exclusively or concurrently, from:

> ...
> 3.    Theft or the unexplained disappearance of insured property from the yacht, unless there are visible marks of forcible entry or removal, or the entire yacht is stolen;
> ....

Clearly, the Gaffeys' vessel was stolen. As the Court has already found that the sale was never consummated, Thus, the Pamela Jordan in essence converted the Gaffeys' vessel for her own use, denying the Gaffeys' the right to control the vessel. What transpired clearly comes within this paragraph of the policy and Acadia Insurance did nothing to assist its insureds with the loss of their vessel.

Massachusetts General Laws chapter 93A section 2 states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful" Section 9 of that chapter states that "[a]ny person ... who has been injured by another person's use or employment of any method, act or practice delcared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in superior court ... for damages...." Section 3(9) of Chapter 176D states that "an unfair claim settlement practice shall consist of any of the following acts or omissions:

> (a)    Misrepresenting pertinent facts or insurance policy provisions relation to coverages at issue;
> (b)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> (c)    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (d)    Refusing to pay claims without conducting a reasonable investigation based upon all available information;
> ...
> (f)    Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
> (g)    Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;
> ...

## CIANCIULLI & OUELLETTE

Isaac Howe
September 15, 2004
-4-

> (n)   Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim ....

Acadia has clearly violated these provisions by denying coverage to the Gaffeys.

Acadia has misrepresented the applicable insurance policy provision that is applicable to the coverage at issue. Additionally, Acadia has not offered a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim. Gaffeys' "Yacht" was stolen. That comes from a separate and distinct section in the policy from that which was cited by you in your October 6, 2003 letter to the Gaffeys. Acadia failed to act upon this claim reasonably promptly. It is my suspicion that Acadia has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy for claims similar to the Gaffeys. This aspect will be proven through the review of Acadia's claim handling procedures. Acadia's refusal to pay this claim comes after it failed to conduct a reasonable investigation into the Gaffeys' claim. Clearly, had Acadia done so, it would have realized that the vessel in question was taken from a location without their permission and the vessel was never returned after thirty days.

Acadia has failed to effectuate a prompt, fair and equitable settlement of the Gaffeys claim as liability is reasonably clear. The Gaffeys did not give permission to anyone to take their vessel from Sea Dog's facility. As a result of Acadia's action, the Gaffeys are now compelled to institute litigation to recover amounts due under an insurance policy because Acadia refuses to pay any money and this is substantially less than the amounts the Gaffeys will ultimately recover in their action against Acadai. In order to avoid litigation, I demand that you offer the policy limits less the net amount recovered by the Gaffeys or a total of $33,000.00 that is arrived at as follows:

| | |
|---|---|
| Policy Limits | $ 37,000.00 |
| Recovered | $(2,000.00) |
| Legal fees and expenses | $   9,120.61 |
| | $34,120.61 |

I am enclosing the following documents for your review and consideration:

1.   Affidavit of Defendant Kevin P. Gaffey in Opposition to Plaintiff Pamela Jordan's Request for Preliminary Relief;

2.   Affidavit of Defendant Kevin P. Gaffey in Support of Motion to Dismiss for Lack of In Personam Jurisdiction;

3.   Affidavit of Defendant Brian H.. Gaffey in Opposition to Plaintiff Pamela Jordan's Request for Preliminary Relief;

# CIANCIULLI & OUELLETTE

Isaac Howe
September 15, 2004
-5-

4.  Affidavit of Defendant Brian H. Gaffey in Support of Motion to Dismiss for Lack of In Personam Jurisdiction;
5.  Copy of General Release of Paul Larson and Boats Unlimited, Inc.;
6.  Copy of General Release, Indemnification and Mutual Cooperation Agreement;
7.  Facsimile Transmittal Sheet with Purchase and Sales Agreement;
8.  Salisbury Police Department Offense Report (two sheets)
9.  Vessel Owner's and/or Master's Statement of Loss;
10. Copy of Title dated August 29, 2003;
11. Copy of Summons, Civil Case Cover Sheet, and Complaint and associated documents;
12. Transcript of Hearing on January 9, 2004 - *Jordan v. Gaffey*, Rhode Island Superior Court No.: WC2003-0664;
13. Legal Bills from Looney & Grossman and Patrick Dougherty

If Acadia fails to act on this within 30 days as required by Chapter 93A, the Gaffeys will file a lawsuit against Acadia in Essex County Superior Court and seek treble damages, attorneys fees and costs and all other remedies allowed by law.

Very truly yours,

David S. Smith, Esq.

STATE OF RHODE ISLAND                         SUPERIOR COURT
WASHINGTON, SC.

PAMELA JORDAN,                    )
                                 )
                                 )
                                 )
v.                               )
                                 )
KEVIN GAFFEY, BRIAN GAFFEY        )          CIVIL ACTION
And SEA DOG YACHT SALES, INC.     )          NO. WC2003-664
                                 )
                                 )

## AFFIDAVIT OF DEFENDANT KEVIN P. GAFFEY IN OPPOSITION TO PLAINTIFF PAMELA JORDAN'S REQUEST FOR PRELIMINARY RELIEF

Now comes Kevin P. Gaffey being duly sworn, deposes and says:

1.    I, together with my brother Brian H. Gaffey, are defendants in the instant case and joint owners of the res in controversy. I live at 13 Timber Lane, Topsfield, Massachusetts 01983 and work in Beverly, Massachusetts. I have never had an ongoing relationship with the State of Rhode Island. I own no property in Rhode Island. I do not regularly do business in Rhode Island, nor vacation in Rhode Island. I was never in Rhode Island in connection with the res in controversy. It was never in Rhode Island waters or in Rhode Island prior to the events complained of. I did not authorize the delivery of the res in controversy to Rhode Island, nor did I know the res in controversy was even in Rhode Island until after Defendant Sea Dog Yacht Sales, Inc. ("Sea Dog") failed to forward the proceeds of the purported sale of the res in controversy.

2.    I am informed by my counsel that I may not be subject to the jurisdiction of this Honorable Court and I submit this affidavit reserving all my rights to contest jurisdiction. I ask this Court to consider its jurisdiction before ruling on the merits of any of the plaintiff's prayers for relief. I specifically reject as a complete forgery a purported Bill of Sale, Exhibit F to the plaintiff's complaint, Exhibit A attached hereto which says I signed a Bill of Sale in

Rhode Island notarized I believe by Paul Larson who on information and belief was plaintiff Pamela Jordan's broker, agent and/or representative in connection with her efforts to purchase the res in controversy. I have never met Mr. Larson. I have never been in his office. I have never signed any document in his presence. He never notarized my signature in his office or anywhere else.

3.    Before May 2003, I had never had any business dealings with Dale Friedman who I understand to be the principal of Sea Dog or with Sea Dog. In May, 2003, my brother Brian and I negotiated with Mr. Friedman concerning the potential purchase of a pleasure craft from Sea Dog which would have included trading our jointly owned 22 foot Aquasport 225 Osprey, Massachusetts Registration No. MS5532B (the res in controversy hereinafter "Aquasport") which is accurately depicted in plaintiff's complaint, Exhibit A.

4.    The Aquasport never left my brother's and my care, custody or control in May 2003 during the discussions with Sea Dog. It was never delivered to Sea Dog. The potential purchase from Sea Dog did not materialize. A purchase and sales agreement was signed. A $3,900 Deposit was made. As a result of a marine survey of the vessel we were interested in, we decided to cancel the deal. Sea Dog returned the $3,900 deposit promptly. Nothing occurred concerning the potential purchase in May 2003 which suggested to me that Mr. Friedman and/or Sea Dog were not in all respects reputable boat selling professionals.

5.    On or about August 4th, 2003, Mr. Friedman called me to state that he had a potential purchaser for our Aquasport. He gave no name and few details. Although, my brother and I had signed no document with Mr. Friedman or Sea Dog authorizing them to try to sell our Aquasport, upon being informed that he had a potential purchaser, we agreed to let him continue his efforts to sell the Aquasport.

6.    On August 11, 2003 I did sign a purchase and sale agreement prepared by Sea Dog on a Sea Dog form listing Pamela Jordan as a buyer for $27,000 for the

Aquasport. A closing was to occur on August 15, 2003 at Sea Dog's office (plaintiff's complaint, Exhibit D).

7.  On August 13, 2003, Sea Dog inspected the Aquasport.

8.  On August 15, 2003 Sea Dog took custody of the Aquasport and moved it to its facility in Salisbury, Mass.

9.  At no time prior to the purported sale of the Aquasport did I meet with or talk to Pamela Jordan or any of her representatives.

10. At no time did I authorize the Aquasport to be delivered to Pamela Jordan or Rhode Island.

11. At no time did I sign any Bill of Sale for the Aquasport for $27,000 with Pamela Jordan.

12. At no time did I receive any funds allegedly provided Sea Dog for the purchase of the Aquasport.

13. The August 15, 2003 closing was extended. Dale Friedman from Sea Dog stated that he had not yet received payment from the buyer. On or about August 20th I called Mr. Friedman and he stated that he had received the check from the buyer but that the check would not clear his bank until after the weekend. Based on this information we set the closing for August 26th. The closing never occurred.

14. On or about October 29, 2003, my brother and I received a letter from Ms. Jordan's counsel, Domenic A. Mosca, Jr attached as Exhibit B. It asked for a "duplicate Bill of Sale", Exhibit A, paragraph 3. If Ms. Jordan already had a Bill of Sale, Complaint Ex. F, why did she need a "duplicate Bill of Sale."

15. Attached as Exhibit C is a photocopy of a personal check dated November 4, 2003 with my signature.

16. I always sign my name with my middle initial "P". Even without a handwritten expert which my counsel has not yet retained it is obvious that the signature "Kevin Gaffey" on Plaintiff's Complaint, Exhibit F is not my signature and in fact is a forgery.

Signed under the pains and penalties this ____ day of December 2003.


_____

Kevin P. Gaffey

Gaffey v. Acadia – 93A Demand        4

# BILL OF SALE

Size _22'_ Make _AQUASPORT_ Model _225_ Year_999_
Ser #_AQABHA51A999_ Engine Make _Mercury_ Year _1999_
HP _200_ Ser# _06885890_ // _____
Documentation#/Reg#_MS5532B_ Color _Green_

Trailer Make _N/A_ Year _—_ VIN# _—_
Capacity_—_
Selling Price _27,000_ Boat Value _27,000_ Trailer Value _N/A_

Sellers Name _KEVIN & BRIAN GAFFEY_
Address _76 LAWRENCE RD._
City _BOXFORD_ State_MA_ ZIP _01921_

Buyers Name _PAMELA JORDAN_
Address _54 FORDSON AVE._
City _CRANSTON_ State_RI_ ZIP _02910_

The seller further warrants that said vessel is free and clear of all liens, bills mortgages, taxes, or encumbrances of any kind or nature and hereby agrees to indemnify and save harmless the Buyer against and from any and all claims arising by reason of anything happening or occurring prior to date hereof and all expenses in connection herewith.

The said vessel is being sold "AS IS and WHERE IS" and without any warranties expressed or implied, of any kind, including but not limited to merchantability or fitness for any particular purpose or use with respect to both the hull and engines as well as all tackle, gear, and equipment, mechanical, electrical, or otherwise. By accepting tender of this Bill of Sale, Buyer acknowledges an opportunity to inspect, survey, and otherwise test said vessel and it's equipment and in so doing accepts the vessel in said condition and under the aforesaid terms.

I declare under penalty of false statement that the information furnished above is true and complete to the best of my knowledge and belief.

SELLER(s) _____ BUYER(s) _____

Signed before me this _22_ day of _August_, 200_3_.

_____ Notary Public for the State of Rhode Island, County of

_WASHINGTON_, my Commission expires _01 / 23 / 05_

Exhibit F

LAW OFFICES

# MOSCA AND VOLPE

P.O. BOX 444

130 TOWER HILL ROAD

NORTH KINGSTOWN, RHODE ISLAND 02852

DOMENIC A. MOSCA, JR.
FRED J. VOLPE

TEL (401) 295-5323
TEL (401) 884-2050
FAX (401) 295-7788

October 28, 2003

Kevin Gaffey
13 Timber Lane
Topsfield, MA  01983
and
Brian Gaffey
76 Lawrence Road
Boxford, MA  01921

RE:  Aquasport 225 Osprey

Gentlemen:

I represent Pamela Jordan of Cranston, Rhode Island who purchased the above-captioned boat from you through your authorized agent, Sea Dog Yacht Sales, Inc. of Salisbury, Massachusetts on August 22, 2003.

Pamela Jordan paid the full consideration for the boat in the sum of $27,000.00 to your agent, Sea Dog Yacht Sales, Inc., who had full authority to act for you.  In reviewing the various documents provided to my office by Pamela Jordan, I noted a Bill of Sale with your signatures dated August 22, 2003.

The purpose of this letter is to respectfully request that you execute the Title Certificate to the boat and a duplicate Bill of Sale in order to allow Pamela Jordan to register the boat, which is rightfully hers, in the State of Rhode Island.

I am forwarding this letter to you in an attempt to resolve this matter in an amicable fashion, and it is my hope that this matter can be resolved accordingly. Be advised that my client is willing to take additional measures if, in fact, this matter cannot be resolved at this time.

Please contact me by telephone upon your receipt of this communication in order that I might determine your future intentions.  Thank you for your anticipated cooperation.

Very truly yours,

Domenic A. Mosca, Jr.

DAM/scm
cc:  Client



STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC.

|                                    |   |
|------------------------------------|---|
| PAMELA JORDAN,                     | ) |
|                                    | ) |
|                                    | ) |
|                                    | ) |
| v.                                 | ) |
|                                    | ) |
| KEVIN GAFFEY, BRIAN GAFFEY         | ) |
| And SEA DOG YACHT SALES, INC.      | ) |
|                                    | ) |

CIVIL ACTION
NO. WC2003-664

## AFFIDAVIT OF DEFENDANT KEVIN P. GAFFEY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION

Now comes Kevin P. Gaffey being duly sworn, deposes and says:

1.  I submit this affidavit in support of my motion to dismiss for lack of in personam jurisdiction.

2.  I am a defendant in the instant case and with my brother, I am the joint owner of a 22 foot Aquasport 225 Osprey, Mass Registration No. MS5532B which is the res in controversy.

3.  I live at 13 Timber Lane, Topsfield, Massachusetts 01983.

4.  I work in Beverly, Massachusetts.

5.  I have never had an ongoing or continuing relationship with the State of Rhode Island. I own no real estate in Rhode Island. I have no personal property in Rhode Island except the Aquasport in question. I have no business office in Rhode Island. I do not regularly do business in Rhode Island. I do not vacation in Rhode Island. I was never in Rhode Island in connection with the sale of the Aquasport. The Aquasport was never in Rhode Island waters or in Rhode Island prior to the events complained of.

6.  I did not authorize the delivery of the Aquasport to Rhode Island, nor did I even know the Aquasport was in Rhode Island until after Defendant Sea Dog

Yacht Sales, Inc. ("Sea Dog") completed the "sale" of the vessel without my knowledge and did not forward the sale proceeds to my brother and me.

Signed under the pains and penalties this _____ day of December 2003.

_____
Kevin P. Gaffey

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, SC.

PAMELA JORDAN,                      )
                                    )
                                    )
v.                                  )
                                    )
KEVIN GAFFEY, BRIAN GAFFEY          )          CIVIL ACTION
And SEA DOG YACHT SALES, INC.       )          NO. WC2003-664
                                    )
                                    )

## AFFIDAVIT OF DEFENDANT BRIAN H. GAFFEY IN OPPOSITION TO PLAINTIFF PAMELA JORDAN'S REQUEST FOR PRELIMINARY RELIEF

Now comes Brian H. Gaffey being duly sworn, deposes and says:

1.      I, together with my brother Kevin P. Gaffey, are defendants in the instant case and joint owners of the res in controversy. I live at 76 Lawrence Road, Boxford, Massachusetts 01921 with my wife and two children and work in Boston, Massachusetts. Since graduating from Providence College in 1984, I have had no ongoing relationship with the State of Rhode Island. I own no property in Rhode Island. I do not regularly do business in Rhode Island, nor vacation in Rhode Island. I was never in Rhode Island in connection with the res in controversy. It was never in Rhode Island waters or in Rhode Island prior to the events complained of. I did not authorize the delivery of the res in controversy to Rhode Island, nor did I know the res in controversy was even in Rhode Island until after Defendant Sea Dog Yacht Sales, Inc. ("Sea Dog") failed to forward the proceeds of the purported sale of the res in controversy.

2.      I am informed by my counsel that I may not be subject to the jurisdiction of this Honorable Court and I submit this affidavit reserving all my rights to contest jurisdiction. I ask this Court to consider its jurisdiction before ruling on the merits of any of the plaintiff's prayers for relief. I specifically reject as a complete forgery a purported Bill of Sale, Exhibit F to the plaintiff's

complaint, Exhibit A attached hereto which says I signed a Bill of Sale in Rhode Island notarized I believe by Paul Larson who on information and belief was plaintiff Pamela Jordan's broker, agent and/or representative in connection with her efforts to purchase the res in controversy. I have never met or spoken to Mr. Larson. I have never been in his office. I have never signed any document in his presence. He never notarized my signature in his office or anywhere else.

3.    Before May 2003, I had never had any business dealings with Dale Friedman who I understand to be the principal of Sea Dog or with Sea Dog. In May, 2003, my brother Kevin and I negotiated with Mr. Friedman concerning the potential purchase of a pleasure craft from Sea Dog which would have included trading our jointly owned 22 foot Aquasport 225 Osprey, Massachusetts Registration No. MS5532B (the res in controversy hereinafter "Aquasport") which is accurately depicted in plaintiff's complaint, Exhibit A.

4.    The Aquasport never left my brother's and my care, custody or control in May 2003 during the discussions with Sea Dog. It was never delivered to Sea Dog. The potential purchase from Sea Dog did not materialize. A purchase and sales agreement was signed. A $3,900 Deposit was made. As a result of a marine survey of the vessel we were interested in, we decided to cancel the deal. Sea Dog returned the $3,900 deposit promptly. Nothing occurred concerning the potential purchase in May 2003 which suggested to me that Mr. Friedman and/or Sea Dog were not in all respects reputable boat selling professionals.

5.    On or about August 4th, 2003, Mr. Friedman called my brother Kevin to state that he had a potential purchaser for our Aquasport. He gave no name and few details. Although, my brother and I had signed no document with Mr. Friedman or Sea Dog authorizing them to try to sell our Aquasport, upon being informed that he had a potential purchaser, we agreed to let him continue his efforts to sell the Aquasport.

6.    On August 11, 2003 my brother Kevin did sign a purchase and sale agreement prepared by Sea Dog on a Sea Dog form listing Pamela Jordan as a buyer for

$27,000 for the Aquasport. A closing was to occur on August 15, 2003 at Sea Dog's office (plaintiff's complaint, Exhibit D).

7. On August 13, 2003, Sea Dog inspected the Aquasport.

8. On August 15, 2003 Sea Dog took custody of the Aquasport and moved it to its facility in Salisbury, Mass.

9. At no time prior to the purported sale of the Aquasport did I meet with or talk to Pamela Jordan or any of her representatives.

10. At no time did I authorize the Aquasport to be delivered to Pamela Jordan or Rhode Island.

11. At no time did I sign any Bill of Sale for the Aquasport for $27,000 with Pamela Jordan.

12. At no time did I receive any funds allegedly provided Sea Dog for the purchase of the Aquasport.

13. The August 15, 2003 closing was extended. Dale Friedman from Sea Dog stated that he had not yet received payment from the buyer. On or about August 20th my brother called Mr. Friedman and he stated that he had received the check from the buyer but that the check would not clear his bank until after the weekend. Based on this information we set the closing for August 26th. The closing never occurred.

14. On August 28, 20003, I spoke by telephone to a person who identified herself as Pamela Jordan. She told me she had possession of our Aquasport and had driven it although it had not been registered. I asked her how she could drive the boat without a title or documentation. She said her broker gave her a two page document which sounded like the purchase and sale agreement, Exhibit D plaintiff's complaint which my brother had signed. She said her broker told her she could use this as proof of ownership until she received title.

15. I told Pamela Jordan in the same conversation that we had not received any money from Sea Dog.

16. On or about October 29, 2003, my brother and I received a letter from Ms. Jordan's counsel, Domenic A. Mosca, Jr. attached as Exhibit B. It asked for a

"duplicate Bill of Sale", Exhibit A, paragraph 3. If Ms. Jordan already had a Bill of Sale, Complaint Ex. F, why did she need a "duplicate Bill of Sale."

17.    Attached as Exhibit C is a photocopy of my passport with my signature.

18.    Attached as Exhibit D is a photocopy of a personal check dated April 6, 2003 with my signature.

19.    I always sign my name with my middle initial "H". Even without a handwritten expert which my counsel has not yet retained it is obvious that the signature "Brian Gaffey" on Plaintiff's Complaint, Exhibit F is not my signature and in fact is a forgery.

Signed under the pains and penalties this _____ day of December 2003.

_____
Brian H. Gaffey

# BILL OF SALE

Size _22'_ Make _AQUASPORT_ Model _225_ Year _999_
Ser #_AQABHA57A999_ Engine Make _Mercury_ Year _1999_
HP _200_ Ser# _06885890_ _//_
Documentation#/Reg#_MS 5532B_ Color _Green_

Trailer Make _N/A_ Year _—_ VIN# _—_
Capacity _—_
Selling Price _27,000_ Boat Value _27,000_ Trailer Value _N/A_

Sellers Name _KEVIN & BRIAN GAFFEY_
Address _76 LAWRENCE RD._
City _BOXFORD_ State _MA_ ZIP _01921_

Buyers Name _PAMELA JORDAN_
Address _54 FORDSON AVE._
City _CRANSTON_ State _RI_ ZIP _02910_

The seller further warrants that said vessel is free and clear of all liens, bills mortgages, taxes, or
encumbrances of any kind or nature and hereby agrees to indemnify and save harmless the Buyer against
and from any and all claims arising by reason of anything happening or occurring prior to date hereof and
all expenses in connection herewith.

The said vessel is being sold "AS IS and WHERE IS" and without any warranties expressed or implied, of
any kind, including but not limited to merchantability or fitness for any particular purpose or use with
respect to both the hull and engines as well as all tackle, gear, and equipment, mechanical, electrical, or
otherwise. By accepting tender of this Bill of Sale, Buyer acknowledges an opportunity to inspect, survey,
and otherwise test said vessel and it's equipment and in so doing accepts the vessel in said condition and
under the aforesaid terms.

I declare under penalty of false statement that the information furnished above is true and complete to the
best of my knowledge and belief.

SELLER(s) _____ BUYER(s) _____

Signed before me this _22_ day of _August_, 200_3_.

_____ Notary Public for the State of Rhode Island, County of
_WASHINGTON_, my commission expires _01 / 23 / 05_

_Exhibit F_

LAW OFFICES

## Mosca and Volpe

P.O. BOX 444
130 TOWER HILL ROAD
NORTH KINGSTOWN, RHODE ISLAND 02852

DOMENIC A. MOSCA, JR.
FRED J. VOLPE

TEL (401) 295-5323
TEL (401) 884-2050
FAX (401) 295-7788

October 28, 2003

Kevin Gaffey
13 Timber Lane
Topsfield, MA  01983
and
Brian Gaffey
76 Lawrence Road
Boxford, MA  01921

RE:  Aquasport 225 Osprey

Gentlemen:

I represent Pamela Jordan of Cranston, Rhode Island who purchased the above-captioned boat from you through your authorized agent, Sea Dog Yacht Sales, Inc. of Salisbury, Massachusetts on August 22, 2003.

Pamela Jordan paid the full consideration for the boat in the sum of $27,000.00 to your agent, Sea Dog Yacht Sales, Inc., who had full authority to act for you.  In reviewing the various documents provided to my office by Pamela Jordan, I noted a Bill of Sale with your signatures dated August 22, 2003.

The purpose of this letter is to respectfully request that you execute the Title Certificate to the boat and a duplicate Bill of Sale in order to allow Pamela Jordan to register the boat, which is rightfully hers, in the State of Rhode Island.

I am forwarding this letter to you in an attempt to resolve this matter in an amicable fashion, and it is my hope that this matter can be resolved accordingly. Be advised that my client is willing to take additional measures if, in fact, this matter cannot be resolved at this time.

Please contact me by telephone upon your receipt of this communication in order that I might determine your future intentions.  Thank you for your anticipated cooperation.

Very truly yours,

Domenic A. Mosca, Jr.

DAM/scm
cc:  Client

by requests all whom it may concern to permit the citizen/
national of the United States named herein to pass
without delay or hindrance and in case of need to
give all lawful aid and protection.

*Le Secrétaire d'Etat*
*des Etats-Unis d'Amérique*
*prie par les présentes toutes autorités compétentes de laisser passer*
*le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport,*
*sans délai ni difficulté et, en cas de besoin, de lui accorder*
*toute aide et protection légitimes.*

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE

**NOT VALID UNTIL SIGNED**



P<USAGAFFEY<<BRIAN<HUGH<<<<<<<<<<<<<<<<<<<
0919740673USA6211235M0201205<<<<<<<<<<<<<<0

**KIMBERLY M GAFFEY**
**BRIAN H GAFFEY**
76 LAWRENCE RD
BOXFORD, MA 01921

08/02

101

6-7017/2110
239

Date _Apr 16, 2003_

Pay to the
order of _Town of Newbury_          $ 55.00

_fifty five 00/100_ _____ Dollars

**CITIZENS BANK**
Massachusetts

Citizens Circle Account

For _____

⑈ 211070175⑈  110922776811  0101  00000005500

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, SC.

|                                    |     |
|------------------------------------|-----|
| PAMELA JORDAN,                     | )   |
|                                    | )   |
| v.                                 | )   |
|                                    | )   |
| KEVIN GAFFEY, BRIAN GAFFEY         | )   CIVIL ACTION |
| And SEA DOG YACHT SALES, INC.      | )   NO. WC2003-664 |
|                                    | )   |

## AFFIDAVIT OF DEFENDANT BRIAN H. GAFFEY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION

Now comes Brian H. Gaffey being duly sworn, deposes and says:

1.   I submit this affidavit in support of my motion to dismiss for lack of in personam jurisdiction.

2.   I am a defendant in the instant case and with my brother, I am the joint owner of a 22 foot Aquasport 225 Osprey, Mass Registration No. MS5532B which is the res in controversy.

3.   I live at 76 Lawrence Road, Boxford, Massachusetts 01921 with my wife and two children.

4.   I work in Boston, Massachusetts.

5.   Since graduating from Providence College in 1984, I have had no ongoing or continuing relationship with the State of Rhode Island. I own no real estate in Rhode Island. I have no personal property in Rhode Island except the Aquasport in question. I have no business office in Rhode Island. I do not regularly do business in Rhode Island. I do not vacation in Rhode Island. I was never in Rhode Island in connection with the sale of the Aquasport. The Aquasport was never in Rhode Island waters or in Rhode Island prior to the events complained of.

Gaffey v. Acadia - 93A Demand        16

6.    I did not authorize the delivery of the Aquasport to Rhode Island, nor did I even know the Aquasport was in Rhode Island until after Defendant Sea Dog Yacht Sales, Inc. ("Sea Dog") completed the "sale" of the vessel without my knowledge and did not forward the sale proceeds to my brother and me.

Signed under the pains and penalties this _____ day of December 2003.

                                    _____
                                      Brian H. Gaffey

# Looney & Grossman LLP
## Attorneys at Law

Bertram E. Snyder
Voicemail: Ext 543
Email: bertsnyder@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
Www.lgllp.com

April 5, 2004

Stephen A. Roach, Esq.
Roach & Wise LLP
31 State Street
Boston, MA 02109

Re:    **Brian and Kevin Gaffey – Pamela Jordan – Aquasport Osprey**
       **Our File No.: 12967.000**

Dear Mr. Roach:

I enclose the following in connection with the settlement of the above:

1.  General Release signed by Kevin and Brian Gaffey;
2.  Bill of Sale;
3.  Massachusetts Certification of Title

Please hold these documents in escrow until I have received and deposited your client's check in the amount of $7,000.

If you have any questions, please let me know. Thank you for your assistance.

Very truly yours,

Bertram E. Snyder

BES/ldo
Enclosures

# CERTIFICATE OF TITLE

## THE COMMONWEALTH OF MASSACHUSETTS
## Division of Environmental Law Enforcement

| TITLE NUMBER | ISSUE DATE | MANUFACTURER | |
|---|---|---|---|
| 28818 | 08-28-2001 | AQUASPORT | |

| YEAR | TYPE | SERIAL NUMBER | |
|---|---|---|---|
| 1999 | OPEN BOAT | AQABHA51A999 | |

| USE | COLOR | HULL MATERIAL | LENGTH |
|---|---|---|---|
| PLEASURE | GREEN | FIBERGLASS | 24.5' |

| CERT. NUMBER | STATUS (TITLE) | OWNERSHIP | |
|---|---|---|---|
| | ACTIVE | CO-OWNER | |

**NAME & ADDRESS OF OWNER(S)**

KEVIN GAFFEY
13 TIMBER LANE
TOPSFIELD, MA 01983

BRIAN H. GAFFEY
76 LAWRENCE RD
BOXFORD, MA 01921

**FIRST LIEN HOLDER**

EASTERN BANK
270 UNION STREET
LYNN, MA 01901

**SECOND LIEN HOLDER**

**RELEASE OF LIENS**

(FIRST LIEN INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED)

EASTERN BANK    RELEASED    AUG 2 9 2003

AUTHORIZED SIGNATURE _Victoria Orviota_

(SECOND LIEN INTEREST IN THE DESCRIBED VEHICLE IS HEREBY RELEASED)

NAME _____ DATE _____

RELEASED _____

AUTHORIZED SIGNATURE _____

THE DIRECTOR OF THE DIVISION OF LAW ENFORCEMENT HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATION OF TITLE FOR THE MOTORBOAT / ATV DESCRIBED HAS BEEN DULY FILED, PURSUANT TO THE PROVISIONS OF THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS, AND BASED ON THE STATEMENTS OF THE APPLICANT AND THE RECORDS ON FILE WITH THIS AGENCY, THE APPLICANT NAMED IS THE OWNER(S) OF SAID MOTORBOAT / ATV.

THE DIRECTOR OF THE DIVISION OF LAW ENFORCEMENT FURTHER CERTIFIES THAT THE MOTORBOAT / ATV IS SUBJECT TO ANY SECURITY INTEREST SHOWN HEREIN.
DIRECTOR RICHARD A. MURRAY

VOID IF ALTERED

78247454

# Division of Law Enforcement

**Boating & Recreational Vehicles**
**Administration & Registration Section**
251 Causeway Street, Suite 101 • Boston, Massachusetts 02114

ASSIGNMENT OF TITLE

THIS IS TO BE COMPLETED BY THE SELLER and delivered to the purchaser with the Motorboat /ATV.
Purchaser must make application for a new Title with the Division of Law Enforcement and surrender the
assigned Title.

Date _____ **3-23-04**

The undersigned hereby certifies that the Motorboat / ATV described in
this title has been transferred to ___ **PAMELA JORDAN**
Whose address is: ___ **54 FORDSON AVE, CRANSTON   RI   01921**
with warranty to be free of all encumbrances except as follows:

Amount $ _____ Kind of Lien _____

in favor of: _____

whose address is: _____

Signature of Seller _____

_____

FIRST RE-ASSIGNMENT BY DEALER

The undersigned dealer hereby certifies that the Motorboat / ATV described in this title has been transferred to:

_____

Whose address is: _____

with warranty to be free of all encumbrances as follows:

Amount $ _____ Kind of Lien _____

in favor of _____

whose address is: _____

Firm Name _____

Address _____

SIGNATURE OF AUTHORIZED AGENT _____

TOM-7/01-2100001

## GENERAL RELEASE, INDEMNIFICATION and MUTUAL COOPERATION AGREEMENT

KNOW ALL PERSONS BY THESE PRESENTS that we, Kevin Gaffey and Brian Gaffey, for and in consideration of the payment to us of Seven Thousand and 00/100 Dollars ($7,000.00), and other valuable consideration, including Pamela Jordan's agreement to reasonably cooperate with us with regard to the subject matter described below, do hereby forever remise, release, acquit, discharge and covenant to hold harmless Pamela Jordan and her family, heirs, successors and assigns (hereinafter all collectively referred to as the "RELEASED PARTIES") of and from all claims, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, which against the said RELEASED PARTIES we now have or ever had from the beginning of the world to this date and more especially on account of, but without limiting the generality of the foregoing, those claims arising out of or relating to the sale of a Aquasport boat, Model 225 (the "Subject Boat") and a Mercury outboard motor (collectively the "Boat Sale").

We further agree, jointly and severally, to defend, indemnify and hold harmless the RELEASED PARTIES from any claim or liability of any kind relative to the Boat Sale from any other person, entity or partnership including, but not limited to, Paul Larson, Boats Unlimited, Inc., Sea Dog Yacht Sales, Inc. and any lienholders of the Subject Boat. We have accepted payment of the sum specified herein as a complete settlement of a matter involving disputed issues of law and fact, and we fully assume

the risk that the facts or law may be otherwise than we believe. We understand that the payment of the sum specified above is in compromise of disputed claims and is not to be construed as an admission of liability on the part of any of the RELEASED PARTIES.

In consideration of the payment of the sum specified above and Pamela Jordan's agreement to reasonably cooperate with our prosecution of any claim arising out of the Boat Sale we will execute and provide to Pamela Jordan (1) a Certificate of Title (2) a Bill of Sale for the Subject Boat, and (3) any other document necessary in order to enable Pamela Jordan to register the Subject Boat in the state of Rhode Island and which is the subject of the Boat Sale and cooperate in all reasonable ways with Pamela Jordan to consummate the transfer of the title of the Subject Boat to her. We further represent and warrant that no other person or entity, other than Pamela Jordan, has any title interest in or lien on the Subject Boat.

Witness our hands and seals this __23__ day of March, 2004.

_____
KEVIN GAFFEY

_____
BRIAN GAFFEY

- 2 -

# Bill of Sale

Sold to Pamela Jordan, 54 Fordson Ave., Cranston, RI 02910 a 1999 22 foot (24' loa)

Aquasport, model 225 Osprey, Hull No. AQABHA51A999 with a 1999 Mercury

outboard motor, 200 hp., Motor No. 06885890 for the sum of $27,000.

_____                    _____
Kevin Gaffey                                Brian Gaffey

Date:  3-23-04

# GENERAL RELEASE

KNOW ALL MEN that, Brian Gaffey and Kevin Gaffey (collectively, the "Releasors"), in consideration of the sum of Five Thousand Dollars ($5,000.00) and other good and valuable consideration, to them paid by Paul Larson and Boats Unlimited Inc. (collectively, the "Releasees"), the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto said Releasees and their heirs, executors, administrators, successors and assigns, all manner of actions, causes of actions, debts, dues, claims and demands, both in law and equity, and more especially arising out of the sale of a Aquasport 225 Osprey Boat, which against said Releasees, said Releasors ever had, now have or in the future may have, for or by reason or means of any matter or thing, from the beginning of the world to the day of the date of these presents.

IN WITNESS WHEREOF, the undersigned have caused this General Release to be executed as of the _____ day of June, 2004.

WITNESS:


_____          _____
                                 Brian Gaffey


_____          _____
                                 Kevin Gaffey


G:\Jg\P. Larson\release.DOC



# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## OMNIBUS CALENDAR ASSIGNMENT FORM

### SUPERIOR COURT

☐ PROVIDENCE/BRISTOL    ☐ KENT    ☒ WASHINGTON    ☐ NEWPORT

| 1.  PAMELA JORDAN | 2. CASE NO. |
|---|---|
| VS.  KEVIN GAFFEY, et al | WC 2003 -664 |

| 3. | REQUESTED CALENDAR ASSIGNMENT |
|---|---|

☐ J   Jury Trial         **TRIAL CALENDAR**         ☐ N   Non-Jury Trial

**4.              FORMAL AND SPECIAL CAUSE CALENDAR**

☐ AGA Agency Appeal
☐ AOD Assessment of Damages
☐ CNA Confirm Arbitration
☐ CNP Contempt Proceedings
☒ DEJ Declaratory Judgment
☐ EOJ Entry of Judgment
☐ FFR First and Final Report
☐ FRR Foreclosure of Right
     of Redemption
☐ FRS Friendly Suit
☐ OPC Oral Proof of Claim

☐ MNJ Mandatory Injunction
☐ MEL Mechanic's Lien
☐ MAT Motion to Attach
☐ PRT Partition Proceedings
☐ PAT Petition to Appoint
     Temporary Receiver
☐ PEN Petition to Enforce
☐ PIN Petition for Instructions
☐ PRE Petition to Reclaim
☐ PES Petition to Sell
☐ PPI Preliminary Injunction

☐ POC Proof of Claim
☐ RCP Receivership Proceedings
☐ SUP Supplementary
     Proceedings
☐ TRO Temporary
     Restraining Order
☐ TIP Title Proceedings
☐ TSP Trustee Proceedings
☐ VAR Vacate Arbitration
☐ WOM Writ of Mandamus
☐ WOR Writ of Replevin

☐ OTH Other FSC Matter

### DISPOSITIVE MOTION CALENDAR (TUESDAYS, PROV. ONLY)

☐ MTD Motion to Dismiss, Under Rule 12
☐ MJP Motion for Entry of Judgment on Pleadings

☐ MPS Motion for Partial Summary Judgment
☐ MSJ Motion for Summary Judgment

☐ MTN Other Dispositive Motion

HEARING DATE _____ FSC/MOTION CAL. CLERK _____ DATE _____

| 5. | SPECIAL MASTER CALENDAR |
|---|---|

☐ CIC Criminal Injury Compensation    HEARING DATE 12/12/03    CLERK _____

| 6. | METHOD OF ASSIGNMENT |
|---|---|

☐ Motion to Assign    ☐ Stipulation to Assign    ☐ Court Order Pursuant to Temporary Ex Parte Order
BASED ON METHOD OF ASSIGNMENT, STATE ANY RELEVANT INFORMATION BELOW

I hereby certify that I served each of the Defendants with the
copy of the within assignment form in accordance with the
Superior Court Rules of Civil Procedure on the 14th day of November,
2003.

| 7.  ATTORNEYS | DATE 11/14/03 | 8. DATE / TIME STAMP |
|---|---|---|
| Domenic A. Mosca, Jr. | | |
| Signatures  #1268 | | |
| (Plaintiff's)    (Defendant's) | | |
| Print Name  Domenic A. Mosca, Jr. | | |

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, S.C.

PAMELA JORDAN                        :        C.A. NO.: WC 2003 - 664

    VS.                                        :

KEVIN GAFFEY, BRIAN GAFFEY,          :
and SEA DOG YACHT SALES, INC.

### PLAINTIFF'S MOTION FOR DECLARATORY RELIEF

    Now comes the Plaintiff, Pamela Jordan, by and through counsel, and files this
her motion requesting the Court to grant the preliminary/permanent relief as requested in
Plaintiff's Complaint.

                                 The Plaintiff,
                                 By her Attorney,

                                 Domenic A. Mosca, Jr.
                                 I.D.# 1268
                                 P.O. Box 444
                                 130 Tower Hill Road
                                 North Kingstown, RI 02852
                                 (401)295-5323

Dated: November 13, 2003

HEARING DATE:  December 15th, 2003 at 9:00 AM
                     Superior Court, Washington County
                     4800 Tower Hill Road, Wakefield, RI 02879

### CERTIFICATION

    I hereby certify that I served each of the Defendants with a copy of the within
motion in accordance with the Superior Court Rules of Civil Procedure on the 13th day
of November, 2003.

                                 Domenic A. Mosca, Jr.

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[ ] PROVIDENCE /BRISTOL        [ ] KENT        [X] WASHINGTON        [ ] NEWPORT

CIVIL ACTION, FILE No. 2003-664

PAMELA JORDAN

                                    Plaintiff  }

v.                                              }        *Summons*

KEVIN GAFFEY, BRYAN GAFFEY                       }
and SEA DOG YACHT SALES, INC.  Defendant        }

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon  Domenic A. Mosca, Jr. Plaintiff's attorney, whose address is  130 Tower Hill Road, North Kingstown, RI 02852  Telephone No.: 401-295-5323 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

                                                                    ,
                                                        CLERK

Dated:  November 14, 2003

(Seal of the Superior Court)

S-135 (REV. 4/99)



## STATE OF RHODE ISLAND
## SUPERIOR COURT

## CIVIL
## CASE COVER SHEET

Case # (Filled in by Clerk's Office)

WC 2003-664

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office (R.P.3.10). If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| PAMELA JORDAN | KEVIN GAFFEY, et al |

**NATURE OF PROCEEDING** — Check the applicable case type under the main categories listed below.    (Check One Only)

District Court Appeal ☐ yes (Check type below)        **CIVIL ACTIONS**

| | | |
|---|---|---|
| ☐ AGA  Agency appeal | ☐ DPC  Denial of probate claim | ☐ PRN  Promissory note |
| ☐ ALA  Alienation of affection | ☐ EXT  Excessive tax | ☐ PDM  Property damage |
| ☐ ANT  Anti-trust | ☐ INR  Injunctive relief | ☐ PDV  Property damage-vehicle |
| ☐ ASB  Assault and battery | ☐ IPL  Interpleader | ☐ RLP  Real property |
| ☐ BKA  Book account | ☐ LIB  Libel-slander | ☐ RIC  Reinstate charter |
| ☐ CLA  Common law assignment | ☐ MLE  Malpractice/legal | ☐ DIN  Recovery of damages insurance |
| ☐ CLL  Common law lien | ☐ MME  Malpractice/medical | ☐ ROF  Recovery of funds |
| ☐ CON  Contract | ☐ MOT  Malpractice/other | ☐ WOR  Replevin, writ of |
| ☐ CNV  Conversion | ☐ WOM  Mandamus. writ of | ☐ SPP  Specific performance |
| CRC  Criminal conversation | ☐ PRT  Partition | ☐ TCO  Title clearing (other than tax title) |
| ☐ CIC  Criminal inj compensation | ☐ PER  Personal injury | ☐ TAE  Trespass and ejectment |
| ☐ DOJ  Debt on judgment | ☐ IOV  Personal inj/property dam-vehicle | ☐ TRA  Trustee/accounting |
| ☐ DTP  Deceptive trade practice | ☐ PIV  Personal injury-vehicle | ☐ TCT  Trustee/appt convey title |
| ☒ DEJ  Declaratory judgment | ☐ PRL  Product liability | ☐ UNM  Uninsured motorist |
| | | ☐ WRD  Wrongful death |

☐ Other than above (specify type):

**MISCELLANEOUS PETITIONS**

| | | |
|---|---|---|
| ☐ ARA  Arbitration award | | |
| ☐ CAR  Arbitration/confirm | ☐ TLF  Foreclosure, tax lien | ☐ PFI  Petition for immunity |
| ☐ RTA  Arbitration/referral | ☐ FOC  Forfeiture of charter | ☐ PIN  Pet for inventory (wire tap) |
| ☐ VAR  Arbitration/vacate | ☐ GJI  Grand Jury Investigation | ☐ PFR  Petition for review |
| ☐ AOD  Assessment of damages | ☐ HAC  Habeas corpus | ☐ PTD  Pet to take deposition |
| ☐ CND  Condemnation | ☐ MAW  Material witness | ☐ PCR  Post conviction relief |
| ☐ CFC  Confirm compromise | ☐ MEL  Mechanics lien | ☐ REC  Receivership |
| ☐ DOC  Dissolution of corp. | ☐ OSW  Out of state witness | ☐ RSA  Rule 5A petition |
| ☐ EDP  End partnership | ☐ PFS  Perform surgery | ☐ TCL  Title clearing (tax title) |
| ☐ FRR  Forclosure of right of redemption | ☐ PFC  Petition for constable | ☐ AOT  Trustee/appointment of |
| | ☐ PTE  Petition to expunge | ☐ DOT  Trustee/declination of |
| ☐ Other than above (specify type): | | ☐ AOS  Trustee successor |

**PROBATE APPEALS**

☐ WIL  Will        ☐ TRS  Trust        ☐ GRD  Guardianship        ☐ NAC  Name change

☐ Other than above (specify type):

| Is this a case that may require a trial for resolution? | ☒ yes  ☐ no | If yes:  ☐ jury or  ☒ non-jury | |
|---|---|---|---|
| (attorney name)  ☐ pro se | Domenic A. Mosca, Jr.  I.D. No.: 1268 | | (date)  11/14/03 |

S-223 6-85

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, S.C.

PAMELA JORDAN                          :

    VS.                                :          C.A. NO.: *WC2003-664*

KEVIN GAFFEY, BRIAN GAFFEY             :
and SEA DOG YACHT SALES, INC.

## COMPLAINT

    Now comes the Plaintiff, Pamela Jordan, by and through counsel, and states as
follows:

## COUNT I

    1. The Plaintiff, Pamela Jordan, herein" Plaintiff," is a resident of the City of
Cranston, County of Providence, State of Rhode Island.

    2. The Res in controversy, a motor vessel, described as that certain 1999 twenty-
two foot Aquasport model 225 Osprey, is located in the Town of South Kingstown, County
of Washington, State of Rhode Island.

    3. The Defendant, Kevin Gaffey, is a resident of the Town of Topsfield, State of
Massachusetts.

    4. The Defendant, Brian Gaffey, is a resident of the Town of Boxford, State of
Massachusetts.

    5. The Defendant, Sea Dog Yacht Sales, Inc., is a New Hampshire corporation
duly incorporated under the laws of the State of New Hampshire, registered as a foreign
corporation in the State of Massachusetts.

## COUNT II

    6. Paragraphs 1 through 5 of Count I of Plaintiff's Complaint are incorporated
herein as if fully set forth.

    7. That the Defendants, Kevin Gaffey and Brian Gaffey, did enter into a principal-
agent agreement with Defendant Sea Dog Yacht Sales, Inc., and Defendant, Sea Dog
Yacht Sales, Inc., acted as the broker and agent for the Defendants, Kevin Gaffey and
Brian Gaffey, referencing the sale of said motor vessel.

    8. That the Defendant, Sea Dog Yacht Sales, Inc., did advertise the motor vessel
on the Internet at the website, www.yachtworld.com, where Plaintiff, from her computer

site in Rhode Island, determined that the motor vessel was listed for sale and other particulars regarding said motor vessel.

9. Attached hereto, marked "Exhibit A", is a copy of the Internet advertisement of the motor vessel, as advertised by the Defendant, Sea Dog Yacht Sales, Inc..

10. That the Defendant, Sea Dog Yacht Sales, Inc., by and through its principal-agent agreement with the Defendants, Kevin and Brian Gaffey, had express authority to sell and transfer title to the motor vessel to Plaintiff.

11. That the Defendant, Sea Dog Yacht Sales, Inc., had implied authority to sell and transfer title to the motor vessel to Plaintiff, because the Defendant, Sea Dog Yacht Sales, Inc., had authority to sell and transfer title to the motor vessel in accord with general customs of a motor vessel broker.

12. That the Defendant, Sea Dog Yacht Sales, Inc., had apparent authority to sell and transfer title to the motor vessel to Plaintiff because Plaintiff reasonably believed that the Defendant, Sea Dog Yacht Sales, Inc., as broker and agent, had the authority to bind the Defendants, Kevin and Brian Gaffey, referencing the sale and transfer of title to the motor vessel.

13. That the Plaintiff did enter into a Purchase and Sales Agreement with the Defendants, Kevin and Brian Gaffey, by and through their authorized agent and broker, Sea Dog Yacht Sales, Inc.. Attached hereto is a copy of the Purchase and Sales Agreement, marked "Exhibit B."

14. That the Plaintiff deposited an initial payment of TWO THOUSAND SIX HUNDRED FIFTY DOLLARS ($2,650.00) and thereafter, did forward the balance of the purchase price of TWENTY FOUR THOUSAND THREE HUNDRED FIFTY DOLLARS ($24,350.00) to Defendant, Sea Dog Yacht Sales, Inc., by wire transfer.

15. Attached hereto is a copy of the initial deposit check, marked "Exhibit C."

16. Attached hereto is a copy of the wire transfer in the amount of the balance of the purchase price of the vessel from the Plaintiff to the Defendant, Sea Dog Yacht Sales, Inc., marked "Exhibit D."

17. Attached hereto as "Exhibit E" is a copy of the wiring information provided by Defendant, Sea Dog Yacht Sales, Inc. to Plaintiff, which corresponds with the wire transfer made by the Plaintiff.

18. Defendant, Sea Dog Yacht Sales, Inc., by fraudulent act, did retain the entire balance of the purchase amount of the motor vessel.

19. The Defendant, Sea Dog Yacht Sales, Inc., by and through its retention of the entire balance of the purchase amount of the motor vessel, did breach its fiduciary duty to the Plaintiff.

## COUNT III

20. Paragraphs 1 through 5 of Count I and Paragraphs 6 through 19 of Count II of Plaintiff's Complaint are incorporated herein as if fully set forth.

21. That the Plaintiff, as a bona fide purchaser, paid value by wiring the balance of the purchase amount of the motor vessel in good faith to the Defendant, Sea Dog Yacht Sales, Inc.

22. That the Plaintiff, as a bona fide purchaser, had no knowledge, either actual, constructive, or imputed, of any fact which would have cast a doubt on the right of the Defendant, Sea Dog Yacht Sales, Inc., to sell and transfer title to the motor vessel in good faith on behalf of the Defendants, Kevin and Brian Gaffey.

23. That the Plaintiff, as a bona fide purchaser, took title and possession of the motor vessel free from any attached equitable interests of the Defendants, Kevin and Brian Gaffey. Attached hereto, marked "Exhibit F", is a copy of the Bill of Sale forwarded to Plaintiff, by the Defendant, Sea Dog Yacht Sales, Inc., which Bill of Sale contains the signatures of the Defendants, Kevin and Brian Gaffey.

24. That the Defendants, Kevin and Brian Gaffey must look to the Defendant, Sea Dog Yacht Sales, Inc., not to the Plaintiff, for recompense, for the Plaintiff is a bona fide purchaser and takes title and possession to the motor vessel free from the claims of all parties.

WHEREFORE, Plaintiff prays as follows:

1. That judgment enter for Plaintiff against all Defendants;

2. That this Court declare Plaintiff the true owner of said motor vessel as a bona fide purchaser, free from the claims of all parties;

3. That this Court order the Defendants, Kevin and Brian Gaffey, to deliver to the Plaintiff all documents necessary to allow Plaintiff to register said vessel in the State of Rhode Island, listing the Plaintiff as the purchaser/owner of said vessel;

4. That this Court award Plaintiff exclusive use and control of the motor vessel in the future, free from the claims of all parties;

5. That pending a final determination by the Court:
   a. that this Court award Plaintiff exclusive use and control of the motor vessel; and

b. that this Court enjoin and restrain the Defendants, their agents, employees, successors and assigns from taking possession of the motor vessel or otherwise interfering with Plaintiff's use of same;

6. That Plaintiff be awarded statutory interest;

7. That Plaintiff be awarded her costs of suit, including but not limited to her reasonable attorney's fees; and

8. Such other and further relief as this Honorable Court may find and the circumstances of the case may require.

The Plaintiff,
By her Attorney,

Domenic A. Mosca, Jr.
I.D.# 1268
P.O. Box 444
130 Tower Hill Road
North Kingstown, RI 02852
(401)295-5323

Dated: November 13, 2003

Pamela Jordan, Plaintiff

State of Rhode Island
County of Washington

Subscribed and sworn to before me in North Kingstown, Rhode Island, this 13th day of November, 2003.

Domenic A. Mosca, Jr.
Notary Public
My Commission expires: 6/17/05

Exhibit A

| Home | Boats for Sale | Finance | Insurance | Store | Marine Directory | Charters | Magazines |

# YACHTWORLD.COM




FREE TRIAL

boats for sale

Quick Search

Advanced Search

Find a
Yacht Broker

Find a
Boat Dealer

Find a Boat Builder
or Manufacturer

Finance a Boat

Insure a Boat

Warranty a Boat

Transport a Boat

Sell Your Boat

Personal
Boat Shopper



Click on image to enlarge

## 22' Aquasport 225 Osprey

Year: 1999
Listed: US$ 32,000
Located in Newbury, MA
Hull Material: Fiberglass
Engine/Fuel Type: Single Gas
YW# 52709-1101101


Send Email
Finance It    Insure It

## Additional Specs, Equipment and Information:

**Builder/Designer**
   Builder: Aquasport
**Dimensions**

| | | |
|---|---|---|
| LOA: 22' | Beam: 8'6" | Displacement: 3900 |
| Draft: 30" | | |

**Engines**

| | | |
|---|---|---|
| Engine(s): Mercury | Engine(s) HP: 200 | Engine Model: Bluewater Series |
| Hours: 100 | Cruising Speed: 35 | Max Speed: 42 |

**Tankage**
   Fuel: 100



Profile

### Details

- GPS/Plotter/Fishfinder/Depthsounder:
- Furuno 1650 DF Color
- VHF
- Stereo/Tape/CD
- Dual Batteries with Switch
- Trim Tabs
- Compass
- T-Top

Exhibit A

Westport, MA null, USA

Fax 508-636-9791
Email KJsportfishing@aol.com

## 22' Aquasport
## 225 Osprey

- Year: 1999
- Listed: US$ 32,000
- Located in Newbury, MA
- Hull Material: Fiberglass
- Engine/Fuel Type: Single Gas
- YW# 52709-1101101



*Click on image to enlarge*



Other photos: Profile, Transom, Bow, Helm, Forward Cockpit, Livewell.

This is a 1999 Osprey that was purchased as a "left over" and not used until 2000. It has the uncommon green color hull Tournament package. This is a very aggressive price for a great boat powered by a 200HP Bluewater Series Mercury with a custom modified T-Top. Comes with all the goodies including bow cushions, bow dodger, rocket launchers, salt & fresh water wash down, porto-potti, side & front curtains and a Furuno 1650DF color depth/fish combo plotter!

## Click Here to View More Listings for Sea Dog Yacht Sales

Contact Sea Dog Yacht Sales, Inc..
161 Bridge Road, US Route 1
Salisbury , MA 01952, USA

Tel 978 465-9063
Fax 978 465-6148
Email info@seadogyachtsales.com

Gaffey v. Acadia - 93A Demand                36



Transom



Bow



Helm

**Disclaimer**
The Company offers the details of this vessel in good faith but cannot guarantee or warrant the accuracy of this information nor warrant the condition of the vessel. A buyer should instruct his agents, or his surveyors, to investigate such details as the buyer desires validated. This vessel is offered subject to prior sale, price change, or withdrawal without notice.



Forward Cockpit



Livewell

*Last Revised: Aug 02, 2003*

Contact Sea Dog Yacht Sales, Inc..
161 Bridge Road, US Route 1
Salisbury , MA 01952, USA

Tel 978 465-9063
Fax 978 465-6148
Email info@seadogyachtsales.com

---

home    about us    advertise with us    site map    privacy    terms of use    contact us    help

copyright © 2003 boats.com, Inc. All Rights Reserved.
Site photos copyright © 2003 Neil Rabinowitz.
YachtWorld.com @ since 1995

Gaffey v. Acadia - 93A Demand    38

Exhibit B

08/11/2003   16:50    BROOKWOOD FINANCIAL → 19784656148          NO.035  D002
                                                                  p.2
Aug 11 03 03:27p    Sea Dog Yacht Sales, Inc.    978 465 6148



**Sea Dog Yacht Sales Inc.**
Boat Brokerage & Marine Services
Phone: 978-465-9063   Fax: 978-465-6148
161 Bridge Road Salisbury, MA 01952
http://www.seadogyachtsales.com

## Purchase & Sales Agreement

This agreement is made by and between _PAMELA JORDON_ of ("Buyer"), and _54 FORDSON AVE. CRANSTON, RI 02910_ ("Buyer"), and _KEVIN + BRIAN GAFFEY_ of _76 LAWRENCE RD. BOXFORD, MA_ ("Seller"), and owner of the _1999 72. ATLANTIC_ ("Yacht"), and named _____. The Selling Broker is _BOATS UNLIMITED_ Listing Broker is _SEA DOG YACHT SALES_.

The Selling Price of the "Yacht" is _TWENTY SEVEN THOUSAND_ — dollars (US $ _27.000_ ). The "Deposit" amount shall be equivalent to 10% of the "Selling Price" and as such is _TWENTY SEVEN HUNDRED_ — Dollars (US $ _2.700_ ), and is due upon execution of this agreement. The Deposit will be Paid to the "Selling Broker" and held by "Selling Broker" in their escrow account pending the successful close of this sale. The balance will be paid at closing in the form of Bank Check, Wire or Cash.

The "Brokers" strongly recommend the "Buyer" have the "Yacht" surveyed. Said survey (and related costs) is solely at "Buyers" expense. "Broker(s)" also agrees to provide "Buyer" with a full and accurate inventory of the "Yacht" prior to survey. The "Seller" agrees that the "Yacht" will be accessible for survey and all included inventory will be at the "Yacht" day of survey. "Seller" further agrees that the "Buyer" and/ or his agents may survey the "Yacht" (with proper notice to "Seller") and location of survey must be approved by "Seller". It is understood that the "Buyers" offer to purchase is subject to survey and/ or Sea-Trial and that the selling price may be negotiated after the survey. Should the boat be on-stands, it is the buyers' responsibility to pay to haul the boat to and from sea trial (minimum of $125).

The "Buyer" agrees that the Surveyor(s) contracted by the "Buyer" has been selected by the "Buyer" and that the Brokers will not be held liable for any omissions, errors or incorrect information that may "come to light" as a result of the survey.

The "Buyer" must notify the "Selling Broker" of his acceptance or rejection of the "Yacht" (and its inventory) no later than Three o'clock PM local time on/ or before _8/15/03_ (in writing). It is the "Buyer's" responsibility to accept or reject the "Yacht" by the above date and to secure satisfactory finance and/ or insurance for the "Yacht".

Should the "Buyer" reject the "Yacht" (under the provisions of this agreement). Both the "Buyer" and "Seller" agree that the "Buyer's" deposit may be immediately returned to the "Buyer" (minus any costs incurred by "Buyer"). If the buyer fails to accept or reject the boat by dates specified above and/or fails to close on boat by date below the buyers deposit may be forfeited.

Should the "Buyer" accept the "Yacht" (under the provisions of this agreement), both the "Buyer" and "Seller" agree that the "Closing" shall occur by Three o'clock PM local time on/ or before _8/15/07_ at the office of _SEA DOG + VON MANAGEN_

p.2          8419 S94 846 'Juj 'saleS 34coY 6oD oaS    d90:10 03 21 6nA

Exhibit B

08/11/2003   16:54   BROOKWOOD FINANCIAL → 19784656148                  NU.050   D003
                                                                        p.3

Aug 11 03 03:28p    Sea Dog Yacht Sales, Inc.   978 465 6148

*Sea Dog Yacht Sales*
*Purchase & Sales Agreement, Continued*

The "Seller" shall deliver the "Yacht" "Free and Clear" of any liens, mortgages or applicable bills at time of closing or, if there are outstanding liens, mortgages or applicable bills "Seller" agrees that "Brokers" may deduct the applicable funds from the proceeds of the sale. "Seller" further agrees that the "Brokers" Commission is to be paid at Closing and that "Brokers" are authorized to deduct Commissions from the proceeds of the sale.

It is understood by the "Buyer" of the "Yacht" that neither the "Brokers(s)" nor "Seller" have made any express or implied warranties regarding the "Yacht". The "Buyer" further agrees that the "Broker" and "Seller" shall not be held liable for any apparent or hidden defects in the "Yacht". It is the "Buyer's" sole responsibility to examine the "Yacht" (and all applicable inventories) and accept responsibility for determining the condition of the "Yacht".

It is understood and agreed by the "Buyer" that the "Buyer" will pay a $95.00 administrative closing fee at the time of close. _____ (Initial)

Additional Provisions:

① DEPOSIT FULLY REFUNDABLE SUBJECT TO     KPG
   SURVEY + SEA - TRIAL

② SELLER RESERVES THE RIGHT TO NEGOTIATE ONLY
   MAJOR ISSUES AFTER SURVEY —     KPG

③ TOTAL COMMISSION paid is Equivalent to 10% - TEN PERCENT.
                                             KPG

Buyer: _____ Date: 8.12.03

Buyer: _____ Date: __/__/__

Seller: _____ Date: 8/11/03

Seller: _____ Date: __/__/__

Should "Buyer" elect not to survey the "Yacht", He/ She acknowledges that the "Broker(s)" has reviewed the survey process (with the "Buyer") and the "Buyer" understands that the Boat is sold "As Is-Where Is" with no express or implied warranty from "Broker(s)" or "Seller".

Buyer: ___N/A___ - Date: __/__/__ Phone # _____

Revised March 24, 2003

**Purchase and Sales Agreement and Deposit Receipt**

VESSEL *AQUASPORT 225*

Of approximately *22* feet overall with inventory described *ON YACHTWORLD.COM*

Owner: *SEA DOG YACHTONES OWNER LISTING*

Purchaser: *PAMELA JORDON*
*54 FORDSON AVE*
*CRANSON RI 02910*

Vessel Acceptance Date: *ASAP*

Closing Date: *DIRECTLY AFTER SEATRIAL*

Delivery Location *NEWBURY, MA*     Purchase Price: $ *26500. / 27,000. ACCEPTED BY BOTH*

Deposit Amount: $ *2650* (10% of the selling price made payable to Boats Unlimited, Inc.)

Commission Amount: $ *2650* Splits $ *50/50* to *B.U. + SEA DOG* , to _____

This offer is withdrawn if not accepted by the Owner on or before *8th August 2003 4PM*

The Owner hereby agrees to sell and the Purchaser hereby agrees to buy the Vessel for the Purchase Price subject to the terms and conditions contained herein, including the general terms and conditions enumerated on Page 2 of the Agreement.

The Deposit Amount shall be paid by the Purchaser to the Broker, and be held in Escrow by the Broker until the Closing Date.

Additional Provisions to be completed prior to the Vessel Acceptance Date:

1. *MECHANICAL CHECKUP OF MOTOR*
2. *SEATRIAL*
3. *VISUAL INSPECTION OF BOTTOM AFTER SEATRIAL*

In the event that this sale is not consummated by reason of unsatisfactory survey, defective title, failure of the Owner to deliver the Vessel as specified, unsatisfactory completion of the Additional Provisions, or by destruction of the Vessel for any reason including Act of God, the deposit shall be returned , providing all expenses incurred by the Purchaser against the Vessel have been paid and this agreement shall be null and void. This Agreement is binding on the Owner and the Purchaser, their heirs, executors, or assigns, as soon as executed by both parties hereunto.

_____ witness     *Pamela Jordon* purchaser *8/7/03*

_____ witness     _____ owner   / /

Receipt of the deposit amount is hereby acknowledged by: _____ broker *8/7/03*

*CK.# 6030*



Exhibit C



**THE WASHINGTON TRUST** *Company*

| CONTROL # | RECURRING # |
|---|---|
| 081520 | |

## ORIGINATOR INFORMATION

| Date | 8-13-2003 | | Date Faxed | 8-15-03 |
|---|---|---|---|---|

| Originator's Name | PAMELA JORDAN |
|---|---|
| Company Name (if applicable) | |
| Address | 54 FORDSON AVE CRANSTON RI 02910 |
| Phone | 401-781-5714 |
| Identification (Required - State, Number & Type) | RI LIC 6411694 |

The undersigned originator requests payment to be made to the beneficiary or beneficiary account number named below. To the extent not prohibited by law, the undersigned agrees that this wire transfer is irrevocable and that the sole obligation of The Washington Trust Company is to exercise ordinary care in processing this wire transfer and that it is not responsible for any losses or delays which occur as a result of any other party's involvement in processing this transfer.

| Originator's Authorizing Signature | X Pamela A. Jordan |
|---|---|

## AMOUNT OF WIRE AND SOURCE OF FUNDS

| Amount Of Wire | $ 24,350.00 |
|---|---|

| Source Of Funds | Debit Account Listed Below | Other (List) | Wire Fee |
|---|---|---|---|

| Account Number to Debit | 90398340 |
|---|---|

## BENEFICIARY BANK INFORMATION

| ABA Routing Number | 011303123 |
|---|---|
| Receiving Bank Name | First & Ocean National Bank |
| Receiving Bank Address | 51 State St Newburyport, MA 01950 |
| Beneficiary Bank Name | BANK PHONE # 978-465-5555 |
| Beneficiary Bank Address | |
| Beneficiary Name | Sea Dog Yacht Sales Inc.   Cell 978-465-9063 |
| Beneficiary Account Number | 011-1-7750 |
| Reference To Beneficiary | |
| Bank To Bank Information | |
| Intermediary Bank Name | |
| Intermediary Bank Address | |

## BANK USE ONLY

| Employee Name (Print) | Linda Laorenza | Employee Signature | X Linda Laorenza |
|---|---|---|---|
| Officer Name (Print) | T. Coughlin | Officer Signature | X |

## EFT DEPARTMENT USE ONLY

| Time | | Entered By | |
|---|---|---|---|
| Verified By | | Call Back Verification By | |

FA-012 Rev.04/03

Exhibit D



**Sea Dog Yacht Sales Inc.**
Boat Brokerage & Marine Services
Phone: 978-465-9063 Fax: 978-465-6148
161 Bridge Road Salisbury, MA 01952
http://www.seadogyachtsales.com

Thursday, June 12, 2003

## Sea Dog Yacht Sales Inc. First & Ocean Bank Wiring Information

Company:     Sea Dog Yacht Sales Inc.
161 Bridge Rd.
Salisbury, MA 01952

Bank:     First & Ocean National Bank
51 State Street
Newburyport, MA 01950
Phone: 978-465-5555

Account:     Acct: 011 17750
ABA: 011 303 123

*$ 24350.*

*Dale Freidman*

161 Bridge Rd ~ US Rt.1 ~ Salisbury ~ MA ~ 01952

Phone: 978-465-9063 ~ Fax: 978.465.6148 ~ http://www.Seadogyachtsales.com

*Exhibit E*

Gaffey v. Acadia – 93A Demand    45

# BILL OF SALE

Size _22'_ Make _AQUASPORT_ Model _225_ Year _999_
Ser # _AQAABHA51A999_ Engine Make _mercury_ Year _1999_
HP _200_ Ser# _06885890_ _II_
Documentation#/Reg# _MS 5532B_ Color _Green_

Trailer Make _N/A_ Year _—_ VIN# _—_
Capacity _—_
Selling Price _27,000_ Boat Value _27.000_ Trailer Value _N/A_

Sellers Name _KEVIN & BRIAN GAFFEY_
Address _76 LAWRENCE RD._
City _BOXFORD_ State _MA_ ZIP _01921_

Buyers Name _PAMELA JORDAN_
Address _54 FORDSON AVE._
City _CRANSTON_ State _RI_ ZIP _02910_

The seller further warrants that said vessel is free and clear of all liens, bills mortgages, taxes, or encumbrances of any kind or nature and hereby agrees to indemnify and save harmless the Buyer against and from any and all claims arising by reason of anything happening or occurring prior to date hereof and all expenses in connection herewith.

The said vessel is being sold "AS IS and WHERE IS" and without any warranties expressed or implied, of any kind, including but not limited to merchantability or fitness for any particular purpose or use with respect to both the hull and engines as well as all tackle, gear, and equipment, mechanical, electrical, or otherwise. By accepting tender of this Bill of Sale, Buyer acknowledges an opportunity to inspect, survey, and otherwise test said vessel and it's equipment and in so doing accepts the vessel in said condition and under the aforesaid terms.

I declare under penalty of false statement that the information furnished above is true and complete to the best of my knowledge and belief.

SELLER(s) _Kevin Gaffey_ BUYER(s) _Pamela A Jordan_

_Brian Gaffey_

Signed before me this _22_ day of _August_, 200_3_.

_____ Notary Public for the State of Rhode Island, County of

_WASHINGTON_, my Commission expires _01 / 23 / 05_

_Exhibit F_

## VESSEL OWNER'S AND/OR MASTER'S
## STATEMENT OF LOSS

Claim No: _5131633_

Dated _9-27-03_ at _3:30 pm_

I, _BRIAN GAFFEY_ am the Owner/Master

of the vessel _1999 AquaSport_ Registration

No. _MS-5532B_

My Address is _76 LAWRENCE Rd. Boxford Ma._

On the _29th_ day of _August_

200_3_, at approximately _1:20 Pm_ o'clock _P_ .M., while located at

_Sea Dog Yacht SALES, Salisbury, Ma_

above vessel and/or person(s) met with an accident, or injury, the circumstances of which

are _Per my visit to Sea Dog Yacht Sales and the Salisbury Police I was informed that my boat was may be involved in a fraud/theft situation involving Dale Friedman (owner of Sea Dog). At this time my brother and I filled out a police report (attached). The sale of my boat was to be finalized on 8/26/03. The closing never took place and my boat was hauled without my permission to the buyer. We never received payment from Sea Dog. The boat is still titled, registered and insured to my brother and myself._

The damage directly caused to said vessel by this accident is as follows: (Describe in detail all parts of the vessel which were damaged and the extent of the damage, or attach survey if available).
_N.A_

The damage to said vessel may be inspected at
_NA_

airs has been estimated at _____ Cost of

$ _NA_ by: _____

As a result of this accident, damage was caused to other vessels or property, or injury to persons, as follows: (Describe fully, giving names and addresses of the property damaged or persons injured).

Name and Addresses          Type of damage or injury          Estimated Amount

*NA*                        *NA*                              *NA*

Other vessels in vicinity were _____ *NA* _____
                                      (Give names or describe)

At the time of the loss the vessel was owned by: *BRIAN + KEVIN GAFFEY*

free and clear, with no encumbrances on same an there was no insurance other than Policy No.

_____ *0071550* _____ of the *1999 Aquasport*

All facts material to the question of insurance liability are state above or attached hereto and no such fact is *with*held. (Note: Attach surveys, estimates, statements of witnesses, photographs and other material ...atements. In case of collision, a diagram, showing how it happened, should be attached).

Neither the furnishings of this form nor acceptance of the completed statement by the Insurance Company constitutes admission of liability to said Company.

Signed *Brian H. Gaffey Co-Owner*
(state whether Owner, Master, etc)

State of *Massachusetts*     )
                             ) ss.
County of *Essex Suffolk*    )

Personally appeared *Brian H. Gaffey* _____, signer of the foregoing statement, who made solemn oath that the same is true, and that no material fact is withheld.

Subscribed and sworn to before me, *27th* day of *September*, 200*3*

*Elizabeth A Wilson*
Notary Public    (seal)

*my Commission expires: 1/24/08*