EXHIBIT
Mullaney
1
12/19/05

# YACHT POLICY DECLARATIONS

| NAME AND ADDRESS OF AGENCY  3241 | NAME AND ADDRESS OF INSURANCE COMPANY |
|---|---|
| (603) 394-7008<br><br>Blackadar Marine Insurance Agency<br>PO Box 250<br>161 Main Avenue<br>South Hampton, NH 03827 | Acadia Insurance Company<br>One Acadia Commons<br>P.O. Box 9010<br>Westbrook, ME 04098-5010 |

| NAME AND ADDRESS OF INSURED | |
|---|---|
| Brian & Kevin Gaffey<br>76 Lawrence Road<br>Boxford, MA 01921 | POLICY NUMBER: YPA 0071550 - 11<br><br>POLICY PERIOD<br>October 10, 2002  to October 10, 2003 |

NOON STANDARD TIME AT PLACE OF ISSUE.

**VESSEL#:  1**

**DESCRIPTION OF INSURED YACHT**

YACHT
  YEAR/MAKE/MODEL: 1999 Aquasport
  TYPE OF YACHT:                                    LENGTH: 24'
  NAME OF YACHT:                                    SERIAL NUMBER: AQUABHA51A999

PRIMARY PROPULSION
  YEAR/MAKE: 1999 Mercury                           HORSEPOWER: 200
  FUEL TYPE: Gas

LOSS PAYEE:   Eastern Bank
              270 Union Street
              Lynn, MA 01901

NAVIGATIONAL AREA: (7 months navigation)
"Warranted confined to the use and navigation of coastal waters, and waters tributary thereto, of the Atlantic Ocean, from Eastport, ME to Montauk, NY, (including Long Island Sound) between a 50 mile line drawn perpendicular to the shore line at Eastport, in an easterly direction, and a 50 mile line drawn perpendicular line at Montauk, in an easterly direction, also to include the use and navigation of inland lakes and rivers in the States of Maine, New Hampshire, Vermont, New York, Massachusetts, Rhode Island and Connecticut, excluding however, the waters of the St. Lawrence River and the Great Lakes."

PRINCIPAL PLACE OF MOORING: Newbury, MA
                            (June through September)

PRINCIPAL PLACE OF STORAGE:,

LAND TRANSPORTATION: We will insure the above described yacht while it is being trailered not to exceed 500 miles from its customary berth or storage location.

Company Copy                                                         AI CD 64 04 02

LAY UP PERIOD: LAY UP FROM: 11/01 TO: 5/01

THE INSURANCE PROVIDED BY THIS POLICY SHALL NOT BE IN EFFECT UNLESS THE YACHT IS LAID UP AND OUT OF COMMISSION DURING THE ABOVE STATED LAY UP PERIOD.

|  | AMOUNT OF INSURANCE/ AGREED VALUE | PREMIUM |
|---|---|---|
| **PROPERTY COVERAGES - SECTION A** | | |
| YACHT & EQUIPMENT  DEDUCTIBLE: $ 370 | $ 37,000 | $ 404 |
| PERSONAL EFFECTS  DEDUCTIBLE: $ 250 | $ 1,000 | $ Included |
| **PROTECTION & INDEMNITY INSURANCE - SECTION B** | | |
| DEDUCTIBLE: NONE | 500,000 | $ 145 |
| **LONGSHORE AND HARBOR WORKERS COMPENSATION - SECTION C** | | |
| DEDUCTIBLE: NONE | Statutory | Included |
| **MEDICAL PAYMENTS/UNINSURED BOATER - SECTION D** | | |
| DEDUCTIBLE: NONE | $ 5,000 | Included |
| **ENVIRONMENTAL DAMAGE - SECTION E** | | |
| DEDUCTIBLE: SAME AS HULL | $ 500,000 | Included |
| | TOTAL ANNUAL PREMIUM | $ 549 |

This policy is: X Direct Bill    4 Pay Plan
                 Agency Billed

Forms applicable to this policy:

AIOM04 (01-01).

Countersignature                                        Date

# YACHT POLICY INDEX

PAGE
1   DEFINITIONS, USE OF YOUR YACHT
2   AGREEMENT
2   SECTION A   PROPERTY INSURANCE
4   SECTION B   PROTECTION AND INDEMNITY INSURANCE
5   SECTION C   LONGSHORE AND HARBOR WORKERS' COMPENSATION INSURANCE
5   SECTION D   MEDICAL PAYMENTS AND UNINSURED BOATER INSURANCE
6   SECTION E   ENVIRONMENTAL DAMAGE
7   SECTION F   DUTIES AFTER AN ACCIDENT OR LOSS
8   SECTION G   GENERAL CONDITIONS

## USE OF YOUR YACHT

You agree to use the insured yacht for private pleasure purposes only. If the yacht is used for charter or to carry persons or property for a fee or for any other commercial or business purposes whatsoever, the policy will terminate without notice to you, unless such use is accepted by us in writing. If the policy is so terminated we will not return any part of your premium.

We cover the yacht while it is afloat, stored ashore or in transit by trailer, truck, rail or ferry. It is not covered while being carried on an ocean vessel or any barge.

If the yacht leaves the navigation or transportation limits specified on the Declaration Page, the policy is void and any loss or damage will be presumed to have occurred while the yacht was outside those limits, unless you prove otherwise.

## DEFINITIONS

"We", "our" and "us" mean the insurance company named on the Declaration Page.

"You", "your" and "yours" mean the insured person.

"Insured person" means the person named on the Declaration Page and any family member who resides with you. It shall also include any person or organization whom you permit to operate the yacht without charge and for private pleasure use only. It does not mean a paid captain or a paid crew member or pilot. It does not mean any person or organization or employee thereof operating a boat yard, marina, yacht chartering or sales agency, or similar organization.

"Family member" means a person related to you by blood, marriage or adoption who lives with you in the same household. It also means a ward or foster child.

"Yacht" means the boat described on the Declaration Page, including its hull, machinery, sails, fittings and equipment necessary for the safe operation and routine maintenance of the boat. It includes the equipment of the yacht that is temporarily stowed ashore.

"Dinghy" means the launch or small boat described on the Declaration Page.

"Outboard motor" means the outboard motor described on the Declaration Page.

"Boat trailer" means the trailer described on the Declaration Page.

"Personal effects" means wearing apparel, sport fishing gear, sports equipment and other personal property. It does not include money, jewelry, gems, precious metals, furs, fine arts, travelers checks, securities or any other valuable papers or documents. It does not include equipment of the yacht, a dinghy, outboard motor or boat trailer.

"Deductible" means the portion of the loss which you have to bear.

"Uninsured boater", "uninsured owner" and "uninsured operator" mean an owner or operator of watercraft other than the yacht described in this policy who is legally responsible for the accident, AND to whom no legal liability insurance policy applies at the time of the accident OR who cannot be identified.

## AGREEMENT

This marine insurance policy is a legal contract between you and us. In return for your payment of premium and in reliance upon the information you give us or our agent, we will provide you with the insurance described in this policy.

**SECTION A:**                                           **PROPERTY INSURANCE**

**PROPERTY INSURED**-We insure:

1. The yacht described on the Declaration Page;

2. The dinghy described on the Declaration Page;

3. The outboard motor described on the Declaration Page;

4. The boat trailer described on the Declaration Page;

5. Your personal effects and the personal effects of others while on board the yacht or being carried onto or off the yacht described on the Declaration Page.

**LOSSES COVERED**-Subject to all terms, conditions and exclusions set forth elsewhere in this policy and to limitations as to the amount set forth below and on the Declaration Page, Section A, we will pay for the following which occur during the policy period:

1. Sudden and accidental, direct, physical loss of or damage to the insured property due to an external cause;

2. Fire, explosions or any latent defect in the hull or machinery, excluding the cost and expense of replacing or repairing any defective part;

3. All reasonable expenses you incur to protect the insured property from imminent insured loss or damage, or from further damage following an insured loss. "Imminent" does not mean the time period during a hurricane (or named storm) watch, warning, notice or any other type of weather notice or warning. If, however, you elect to haul your insured vessel after such a watch, warning or notice has been posted in the area in which the insured vessel is moored, and you still suffer a loss, we agree to waive your deductible in the adjustment of your claim for that loss.

**WHAT WE WILL PAY**-Subject to the Limit of Liability and Conditions set forth in the policy:

1. We will pay up to the amount shown on the Declaration Page, Section A, less the realized salvage value of the described yacht, for loss of or damage to the insured property arising out of or in connection with a single accident.

2. All claims for insured loss or damage are subject to the deductible shown on the Declaration Page, except those specifically named in the clauses below. For deductible purposes, each loss shall be adjusted separately. However, two or more insured losses resulting from a single accident are considered one loss. The most we will pay for a partial loss is the amount shown on the Declaration Page, Section A, less the deductible.

3. If the insured property is partially damaged, we will pay the reasonable costs of repair or replacement of the damaged part, whichever is less, with like kind and quality, subject to depreciation as set forth in clause 4. However, should we decide to repair the damaged part, we have the option of paying for repairs:

    (a) according to customary boat yard repair practices, including the reasonable cost of suitable patches to the damaged area; or

    (b) according to repair procedures recommended by the builder or manufacturer of the insured property; or

    (c) an amount not exceeding that shown on the Declaration Page, Section A.

for repairs involving replacement of bottom paint and loss of or damage to sails, protective covers, upholstery, cushions, batteries and tires. Covered losses to these items will be paid on the basis of their actual cash value at the time of loss, taking into account reductions for depreciation. Payment for replacement cost of personal effects will also be paid on the basis of actual cash value at the time of loss, taking into account reductions for depreciation.

5. If one side of the hull of the yacht is damaged and repainting or recoating is necessary, we will pay only the cost of repainting or recoating that one side.

   At our option, we may elect to pay for recoating both sides of your yacht if, in the opinion of our surveyor, recoating the damaged side only would significantly reduce the value of your yacht.

6. In case of loss of or damage to part of a pair or set (including engines or outboard motors), we have the option of paying either:

   (a) the cost of repairing or replacing the damaged part to restore the pair or set to its condition before the loss or damage occurred, or

   (b) the difference between the actual cash value of the pair or set before and after the loss.

7. If you choose not to have repairs made, we will pay you the estimated cost of repairs in accordance with the preceding clauses, less the applicable deductible. If we subsequently pay you for a total loss, we will first deduct any prior unrepaired damage payments and not make any additional payments for unrepaired damage. If you choose not to have repairs made for damage that causes your yacht to be unseaworthy and we pay the estimated cost of repairs, this policy will be terminated as of the date we make such payment without further notice to you and without refund of any premium.

8. If the yacht, dinghy, outboard motor or trailer is totally lost or destroyed, or the reasonable expense of recovering and repairing any of these items will exceed its applicable amount of insurance on the Declaration Page, Section A, we will pay the applicable amount of insurance without application of the deductible. If we pay a total loss or constructive total loss, coverage shall cease under this policy upon payment of such loss, and the full annual premium will be considered earned.

   We reserve the right to take possession of the remains of any insured property or its proceeds if we so elect. You will, if we ask, transfer title of that property to us or to a salvage buyer designated by us. We are not obligated to accept any property which you abandon. In the event we pay a total loss of any insured property, full annual premium is due and payable.

9. If any insured property is stolen and not recovered within 30 days after you present your claim to us or our agent, the property shall be considered totally lost.

10. Coverage for equipment of the yacht shown on the Declaration Page that is temporarily stored ashore is limited to 50% of the amount of insurance on the yacht. During such storage ashore, the amount of insurance on the yacht will be reduced by the value of the equipment stored ashore.

11. Claims under item 3 of "Losses Covered" are subject to the limit and deductible shown on Section A on the Declaration Page for the insured property involved, unless there is a total loss in which case no deductible will apply.

12. Payment for repairs or replacement to outboard motors, and outdrive units, whether as the vessels main propulsion engine or otherwise, will be made on an Actual Cash Value basis at the time of the loss. "Actual Cash Value" is the replacement cost less depreciation.

**LIMIT OF LIABILITY**- We will not pay damages in excess of the amount of insurance shown on the Declaration Page, Section A, regardless of the type of expense, number of boats, claims made, or property involved in any one accident or series of accidents arising out of the same event, and regardless of the number of insured persons whom claims are asserted.

**COMMERCIAL TOWING AND ASSISTANCE**-If any of the following services which would not otherwise be covered under this policy become necessary while the yacht is away from a safe harbor (or, if the yacht is on the boat trailer away from a safe parking place), we will reimburse you up to a maximum of $500. for:

1. Towing to the nearest place where necessary repairs can be made; or

2. The cost of delivering gas, oil, parts or loaned battery (but excluding the cost of these items themselves); or

3. Labor for emergency repairs while away from safe harbor or parking place; or

4. Boat trailer roadside service.

Claims under this clause will not be subject to the policy deductible.

**LOSSES NOT COVERED**-We will not pay any loss, damage or expense caused by or resulting, whether exclusively or concurrently, from:

1. Wear and tear, gradual deterioration, weathering, bubbling, blistering, delamination of fiberglass or plywood, corrosion, rusting, electrolysis, mold, wet or dry rot, mice and rodents, marine life, insects, water- or air-borne organisms, ice or freezing, and weather related overheating.

2. Marring, scratching, chipping or denting, unless caused by sudden and accidental impact with another object;

3. Theft or the unexplained disappearance of insured property from the yacht, unless there are visible marks of forcible entry or removal, or the entire yacht is stolen;

4. Consequential losses of any kind, such as losses caused by delay or loss of use;

5. Claims not reported to us within one year of the happening of the physical event giving rise to the loss.

6. For any loss arising out of the arrest, confiscation or detention of your yacht.

**SEAWORTHINESS**-All coverage under Section A will be void if you do not maintain the yacht in a seaworthy condition at all times. This means you must keep the yacht and its machinery and equipment well maintained and in good repair so that the yacht cannot be damaged by ordinary weather or water conditions or the rigors of normal use.

Should the yacht, for any reason, become unseaworthy during the policy period, you must voluntarily disclose this information to our agent or to us, even though we have not asked you for it. Failure to provide such notification will terminate the insurance provided under Section A from the date the yacht became unseaworthy. We will not return any premium.

**SECTION B:**                    **PROTECTION AND INDEMNITY INSURANCE**

**LOSSES COVERED**-Subject to all of the provisions of this policy, including its exclusions, warranties, duties, conditions and limit of liability, we will provide coverage on behalf of any insured who becomes legally liable for bodily injury or property damage arising from an occurrence covered by this policy.

We will also pay:

1. All reasonable expenses incurred at our request and with our approval to represent your interests in connection with claims against you in "Losses Covered" above. We have the right to select an attorney to represent you;

2. Premium on any bond required in any civil suit we defend, but not for bond premium which exceeds the limit of liability under Section B on the Declaration Page;

3. Premium on any bond necessary to obtain the release of the yacht if a legal authority has arrested, confiscated or detained the yacht as the result of an insured liability;

4. Interest on our portion of a judgment which is earned before we make payment;

5. Expense incurred by you in the attempted or actual removal of the yacht if it becomes a wreck during the policy period and only if such removal is compulsory by law.

Our total liability for all of the above from or in connection with any one accident will be limited to the amount shown on the Declaration Page, Section B, subject to the Limit of Liability clause below. The allocation of insurance benefits among these classes of expenses may be directed by you. In the event you fail or refuse to settle any claim we authorize, our liability to you will be limited to the amount for

which settlement could have been made.

**LIMIT OF LIABILITY**-Our liability for damages for any sum in excess of the amount of insurance shown on the Declaration Page, Section B, regardless of the type of expense, number of boats, claims made or property involved in any one accident or series of accidents arising out of the same event, and regardless of the number of insured persons against whom claims are asserted.

**LOSSES NOT COVERED**-We will not pay any loss, damage or expenses caused by or resulting, whether exclusively or concurrently from:

1. Property damage or bodily injury which occurs while the insured property is being transported on land;

2. Any liability assumed by you under any contract or agreement;

3. Any bodily injury to you or any family member;

4. Awards to any employee of yours under any federal or state workers compensation law or act, or any other action at law or in equity, or to investigate, defend or settle any claim asserted as such;

5. Any liability you may have to any of your directors, officers, shareholders, partners or charterers or any such liability which any of them have to you;

6. Any losses in any way caused by pollution or discharge of fuel, waste or other pollutants, unless directly resulting from a loss payable under Section A, Property Insurance, or unless covered by Section E - Environmental Damage.

7. Any fine or penalty assessed by any governmental unit;

8. Any exemplary or punitive damages, even if caused by someone for whom you are only vicariously liable;

9. Any loss, damage or liability willfully, intentionally or criminally caused or incurred by an insured person.

10. Any loss arising out of any breach by you of the provisions of this policy.

11. Any loss arising out of the arrest, confiscation or detention of the yacht.

12. Any loss arising out of the use, sale, possession, manufacturing, delivery or transfer of any controlled substances as defined by Federal Food and Drug Law Act 21 U.S.C.A., Sections 811 and 812.

13. Any loss arising out of Para-sailing or Kite-skiing. This exclusion does not apply to water-skiing.

**NON-OWNED YACHT**-This section shall also apply to your **legal liability** for personal injury or property damage arising from your operation or maintenance of any yacht similar to the one described on the Declaration Page, provided:

1. Such yacht is not used by you or any family member of your household on a regular basis;

2. Such yacht is not owned in whole or in part by you or any member of your household; and

3. Your use is free, for private pleasure only and with the permission of the owner.

**SECTION C:**          **LONGSHORE AND HARBOR WORKERS'**
                        **COMPENSATION INSURANCE**

When insurance is provided under Section B, coverage is also provided under this section. We will cover the liability which you, as owner of the insured yacht, may incur as a result of an accident occurring to any person not your employee during the term of the policy under the Federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. Sections 902 and 903.

**SECTION D:**          **MEDICAL PAYMENTS AND UNINSURED BOATER INSURANCE**

This coverage, subject to the amount shown for Section D on the Declaration Page, is provided only for persons who are injured while on, boarding or leaving the yacht, or while engaged in water-skiing, aquaplaning or similar activities from the yacht.

This insurance is provided only if premium has been paid for coverage under Section B.

**LOSSES COVERED**-Subject to the limits shown on the Declaration Page and the Limit of Liability set forth below, we will pay:

1. Reasonable medical, dental, ambulance, hospital, prosthetic devices, professional nursing and funeral expenses which become necessary due to a covered accidental bodily injury;

2. Damages which an injured person is legally entitled to recover from an uninsured owner or uninsured operator on account of a covered accidental bodily injury. Such damages shall not include any amounts compensable under paragraph 1 above, for medical, dental, ambulance, hospital, prosthetic devices, professional nursing and funeral expenses.

**LIMIT OF LIABILITY**-We will pay each injured person up to, but not more than, the amount of insurance shown on the Declaration Page, Section D. This limit applies regardless of the type of expense, claims made or property involved in any one accident or series of accidents arising out of the same event. Our payment will be reduced by any amounts covered by the injured person's health plan or medical insurance. Our payment will also be reduced by any amounts which we pay to or on behalf of the injured person under any other section of this policy.

**LOSSES NOT COVERED**-This Section D does not cover any person:

1. Who is covered under any federal or state workers compensation law or act;

2. Who is an employee of an insured person;

3. Who is a trespasser;

4. Who makes a claim after one year from the date of the accident.

5. Whose injury resulted from or was connected with any Insured's use, sale, possession, manufacturing, delivery or transfer of any controlled substance as defined by Federal Food and Drug Law Act U.S.C.A., Sections 811 and 812.

6. Whose injury resulted from or was connected with Para-sailing or Kite-skiing. This exclusion does not apply to water-skiing.

7. Whose injury resulted from or was connected with the intentional, willful or criminal act by or at the direction of any insured. However this exclusion does not apply to the use of reasonable force to protect persons or property if the act is not fraudulent, criminal or malicious.

**SECTION E:**                                **ENVIRONMENTAL DAMAGE**

In consideration of premium charged under the Protection and Indemnity section, we agree to pay on **your** behalf those reasonable costs and expenses, subject to the terms and conditions of this section, resulting from the unintentional spillage of a **contaminant** from the insured vessel.

**This section will cover:**

1. Those sums for which **you** are legally liable to pay as a result of damage to property of others.

2. Those reasonable costs directly associated with the actual clean-up of a **covered event**.

3. Those reasonable costs or expenses legally imposed upon **you** by government authorities assisting or monitoring the clean-up.

4. Administrative charges and civil penalties levied against **you** by a judiciary body as a result of a covered event.

5. Those reasonable costs and expenses to defend **you** against legal action from a **covered event**.

**Limit of Liability:** We agree to pay up to a maximum of $500,000 in any one policy year for those reasonable costs and expenses covered by this section, regardless of the number of covered claims made or expenses incurred.

**This additional coverage will not apply if you or any additional insured refuses or knowingly fails:**

1. To report the covered event as is required by law(s) and **you** or any additional insured had reason to know of the **covered event**.

2. To provide all reasonable cooperation and assistance as is required by law or

Page 6                      Acadia Insurance Company              AI OM 04 01 01

000041

by someone acting under their legal authority.

We do not provide coverage under this section for:

1. Liability which has been assumed by you or any additional insured under contract or agreement.

2. Liability arising out of any event that occurs on land or in the air.

3. Liability for any covered event that is caused by or resulting from any intentional act or willful misconduct by you or any additional insured.

4. Liability for bodily injury, disease, or mental illness or anguish.

5. Liability arising out of the spillage of any radio active or nuclear material.

6. Any claim for punitive damages, or any fine, penalty or cost of defense arising out of a criminal violation.

7. Any assessment or Liability for Natural Resource Damage unless legal action commences within one (1) year of a covered event.

For purposes of this section, the following definitions shall apply:

1. **You** or **your** means the Named Insured as described in the declarations page of this policy or any "Insured Person."

2. **Covered Event** means the sudden accidental and unexpected discharge, leakage or spillage of a contaminant from the insured vessel in an accident that is specific in place and time within the policy period.

3. **Contaminant** means any petroleum product, chemical, lubricant, or solvent normally associated with the use and operation of a pleasure vessel.

SPECIAL NOTE:   IT IS REQUIRED BY LAW THAT YOU MUST NOTIFY THE PROPER AUTHORITIES IN THE EVENT OF A DISCHARGE OF A POLLUTANT FROM YOU VESSEL.  EVEN IF YOU HAVE REPORTED A CLAIM TO YOUR AGENT OR INSURANCE COMPANY, YOU ARE STILL REQUIRED BY LAW TO REPORT A DISCHARGE TO THE PROPER AUTHORITIES.

SECTION F:              DUTIES AFTER AN ACCIDENT OR LOSS

If there is a loss or a claim which may be covered under this policy, you must:

1. Take all reasonable steps to protect the insured property from further loss, including towing the yacht to a place of safety and repair, the reasonable expenses incurred to be paid by us, as set forth in Section A;

2. Give us immediate notice, with details such as:

    (a) when and where the occurrence took place;
    (b) what property was involved and where it may be seen;
    (c) the names and addresses of any injured persons;
    (d) the names and addresses of witnesses;
    (e) all other information that may assist us in determining the rights and liabilities of persons involved;

3. Allow us to inspect the insured property before it is repaired or disposed of;

4. Give prompt notice to the police and/or U.S. Coast Guard if the insured property is lost or stolen;

5. Advise anyone else responsible for the loss or damage in writing as soon as possible that you are holding them liable;

6. Cooperate with us in the investigation, defense or settlement of any loss, including permitting us to conduct non-destructive testing of the insured property at our expense;

7. Obtain repair specifications, bids and estimates from alternative sources if requested;

8. Permit us to examine any records we require to verify the loss or its amount;

9. Immediately forward to us copies of any legal papers or notices received in connection with the loss;

10. Not assume any obligation or admit any liability without our written permission;

11. Provide us with copies of other insurance policies that may cover the loss;

12. Submit to a deposition and/or examination under oath, if we so request;

13. Submit a detailed written proof of loss signed and sworn by you and evidence of an insured interest, if we so request.

If you fail to comply with any of these duties, there will be no coverage under this policy unless you prove that we have not been prejudiced by your failure to comply.

**BODILY INJURY**-A person presenting a claim under Section D must also:

1. Submit to physical examination by physicians of our choice as often as we request;

2. Provide to us or permit us to obtain copies of medical reports and other necessary medical records;

3. Provide copies of any other insurance policies or other evidence of health coverage that may cover the claim;

4. Furnish full obtainable information pertaining to the accident.

**SECTION G:**                          **GENERAL CONDITIONS**

This section contains special conditions that apply to all sections of the policy.

**POLICY PERIOD, TERRITORY**-This policy applies only to accidents or losses which occur during the policy period and within the navigation or transportation limits specified on the Declaration Page.

**LAYUP**-If the yacht is to be laid up and out of commission for the period shown on the Declaration Page:

1. It must be in a safe berth for storage ashore or afloat;

2. If the yacht is laid up afloat, it must be covered and properly winterized for storage afloat. It also must be properly secured to a pier or float that is attached to a pier.

3. It must not be ready for immediate use;

4. It must not be used for living on board;

5. It must not be operated;

6. All removable gear and equipment, including portable electronics, must be removed from the yacht and safely stored ashore.

A yacht afloat on a mooring is not considered laid up and coverage is suspended during that time.

**TRANSFER OF INTEREST**-If you give, sell, conditionally sell, transfer, mortgage or pledge the insured yacht or any interest in it, policy coverage will terminate without notice to you unless such change is accepted by us in writing.

**OUR RIGHT TO BE REPAID**-If we make payment to or on behalf of anyone who also has a right to recover from others, we take over that person's right. The person to or on behalf of whom payment is made is obligated to cooperate with us in our efforts to recover from others. If the person to or on behalf of whom we made payment also received reimbursement from others for the same loss or accident, such payment is our property up to the amount we paid and must be held in trust for us until paid over. Any person accepting benefits under this insurance is deemed to have consented to be bound by this paragraph.

**IMPAIRMENT OF RECOVERY**-If after a loss and absent our expressed consent, you agree to give up your rights to recover damages from any third party or organization who may be liable to you for such loss, you give up your right to recover the loss or any part of it from us.

**PAYMENT OF LOSS**-We will pay for losses covered under this policy within 30 days after one of the following:

1. We reach an agreement with you; or

2. You submit a detailed proof of loss signed and sworn by you and evidence of an insured interest; or

Page 8                     Acadia Insurance Company                   AI OM 04 01 01

000043

3. An arbitration award is rendered.

**ARBITRATION-**If you make a claim under this policy and we disagree about whether the claim is payable or about the amount due to you under the policy, the disagreement may be resolved by binding arbitration according to the following:

1. You and we will each choose a marine surveyor to decide the dispute. Each party will be responsible for the fees of the marine surveyor they choose. In the event the two marine surveyors cannot agree, they must select a third marine surveyor (umpire), whose fees will be paid 50% by you and 50% by us.

2. In the event the two marine surveyors cannot agree on a third marine surveyor (umpire), either party may apply to the United States District Court in which the home port of the vessel named herin is located for the appointment of a third marine surveyor (umpire), pursuant to the United States Arbitration Act. The three marive surveyors will then decide the dispute by majority vote.

**LEGAL ACTION AGAINST US-**No legal action against us on this policy may be begun unless the claimant has fully complied with all its terms. In addition, suits under Section A, B, C, and D must commence within one year of the happening of the physical event giving rise to the claim or, if this provision is invalid under applicable state law, within the shortest period allowed by such law.

**APPLICABLE LAW** - This Policy shall be governed by and construed under the general Maritime Law of the United States of America regardless of the venue or jurisdiction of the court or arbitration.

**WAR, CONFISCATION, NUCLEAR EXCLUSION-**We will not reimburse you for any:

1. Loss resulting directly or indirectly from warlike operations (whether or not war is declared), civil war, insurrection, rebellion, revolution, civil commotion, civil strife, strikes, riots, capture, seizure, arrest, piracy or any consequences of any of these;

2. Liability or expense arising out of the arrest, requisition, confiscation or detention of the yacht by order of any civil or military authority;

3. Loss resulting directly or indirectly from radioactive contamination, or discharge of a nuclear weapon.

**RACING-**We will not reimburse you for property damage or bodily injury occurring while the yacht is being operated in a race or speed test. This limitation does not apply to sailboats or predicted log events.

**CONCEALMENT, FRAUD, MISREPRESENTATION-**This policy shall be void if you conceal, misrepresent or fail to disclose any material information regarding this insurance.

**ILLEGAL ACTIVITY-**We will not pay any loss, damage or expense arising out of or during any illegal activity on your part or on the part of anyone using the insured property with your permission.

**OTHER INSURANCE-**The insurance under this policy shall only apply as excess insurance should any other insurance exist at the time of loss.

**BANKRUPTCY-**Bankruptcy of any person insured under this policy does not relieve us of any of our obligations under this policy.

**NON-WAIVER PROVISION-**No action on our part after a loss to recover or save the property from further loss, nor any action which we may take in connection with the investigation of any loss shall be considered as a waiver of any of our rights under this policy.

**CANCELLATION-**You may cancel this policy by returning it or by written notice to us or our authorized agent advising the date of cancellation. We may cancel by delivering or mailing written notice to you at your last address shown in our records. This notice will state when, not less than 10 days after mailing, the policy will be canceled. Proof of mailing will be sufficient proof of notice. If we cancel, return premium will be computed on a pro-rata basis. If you cancel, return premium will be computed on a pro-rata basis, less 10%. Cancellation will be effective whether or not return premium is tendered with notice of cancellation. If not so tendered, we will refund it within a reasonable time after the effective date of cancellation.

**CONFORMITY TO STATUTES-**If any provision of this policy is invalid under applicable law, it shall be deemed amended to conform to the minimum requirements of such law.