# Eastern Bank — SIMPLE INTEREST PROMISSORY NOTE

Date: 8/27/01

**MY PAYMENT PROMISE.** I (each person who signs below) (1) jointly and severally promises to pay to Eastern Bank ("You") or your order at any of the offices, the principal sum of $ 10,025.__ plus interest on the unpaid daily principal balance at the rate of 5.99 % per year including after any default (subject to provisions of applicable law) until the day this loan is paid in full. I agree that you may adjust the rate at which I am required to pay interest on this note if the section of this note entitled "Interest Rate and Payment Adjustments" is completed. I agree to repay this loan in consecutive monthly installments as set forth below in the disclosure section entitled "Payment Schedule", subject to adjustment as may be provided below in the section of this note entitled "Interest Rate and Payment Adjustments", except that the final payment shall be for the amount of principal and interest then due. The entire balance of principal, interest, and other charges, if not sooner paid, is due and payable on 8/27/06 (the "Maturity Date").

The final payment, finance charge, and total of payments disclosed below are estimated and assume each payment is received by you on its due date. I understand that interest is computed daily and that late payments increase these amounts while early payments decrease them. Any increase or decrease will be reflected in my final payment for which you will bill me prior to its due date.

**INTEREST RATE AND PAYMENT ADJUSTMENTS.** If checked here ( ), the interest rate on this note may be adjusted periodically during the term of this note. Adjustments shall be effective on _____ 19__ and on the same day of the month every ___ ( ) months thereafter (the "Adjustment Dates"). On each Adjustment Date, the interest rate shall be adjusted to the rate that is ___ percentage points above the highest interest rate designed as the "U.S. Prime Rate," as most recently published in the "Money Rates" section of The Wall Street Journal, or any successor thereto, 7 days prior to the Adjustment Date. The interest rate will never be increased above the maximum rate permitted by law. If this loan is secured by a dwelling, the interest rate will never be increased above the maximum rate permitted by law or 18% per year, whichever is lower.

Each time the interest rate is adjusted, the amount of my monthly payments will also be adjusted, effective on the first payment due date following the Adjustment Date. The amount of the adjusted payments will be the amount necessary for me to pay this loan in full by the final due date, with interest at the rate then in effect.

**PREPAYMENT.** I may repay this note in whole or in part at any time without penalty.

**LATE PAYMENT CHARGE.** I agree to pay the late charge set forth below in the disclosure section captioned "LATE CHARGE."

**RIGHT TO OFFSET.** If I am in default under this note, you can, but do not have to, apply any balance in any account I maintain with you to reduce or extinguish this debt.

**DELAY IN ENFORCEMENT.** You can waive or delay enforcing any of your rights without losing them. You can waive or delay enforcing a right as to one person obligated to repay this loan without waiving it as to any other. You do not have to give me notice of your waiver or delay.

**DEFAULT.** I'll be in default on this note (1) if any monthly installment is not paid by its due date; (2) if any promise or obligation to you under any agreement or mortgage securing this loan is broken or not complied with; (3) if any person obligated to repay this loan, including any guarantor, makes an assignment for the benefit of creditors or if any proceeding under any bankruptcy or insolvency law is begun by or against any such person; or (4) if any real estate described in "Security" below is sold or otherwise transferred. If I am in default, subject to provisions of applicable law, you can declare the entire unpaid balance of this note immediately due and payable without notifying me.

**COLLECTION COSTS.** If there is a default under this note, I agree to pay you the costs of collection, including reasonable attorneys' fees, incurred by you in enforcing my obligations under this note.

**WAIVER.** I and any endorser or guarantor waive presentment, demand, notice and protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or endorsement of this note, and all suretyship defenses generally.

**VARIOUS OTHER ITEMS.** You can accept late or partial payments, even though marked "Payment in full", without losing any of your rights under this note. You can change the terms of payment or release any security at the request of any one person liable on this note without notifying any other such person. My heirs and legal representatives will also be responsible for payment of this note.

**LAW THAT APPLIES.** This note shall be governed by Massachusetts law. If any part of this note violates applicable law, that part of the note shall be deemed to be amended to afford you the maximum rights allowed by law. The rest of the note shall not be affected.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | FINANCE CHARGE (The dollar amount this credit will cost me.) | AMOUNT FINANCED (The amount of credit provided to me or on my behalf.) | TOTAL OF PAYMENTS (The amount I will have paid after I have made all payments as scheduled.) |
|---|---|---|---|
| 8.99 % | $ 2,459.80 | $ 10,025.00 | $ 12,484.80 |

**PAYMENT SCHEDULE.**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 208.08 | The 27th day of each month beginning September, 2001 |

**PREPAYMENT.** If I pay off early, I will not have to pay a penalty.
**LATE CHARGE.** If a payment is more than 15 days overdue, you will be charged a late charge in the amount of:
[ ] (Mortgage secured) 3% of the overdue payment.
[✓] (Not mortgage secured) The lesser of 5% of the overdue payment or (i) $10, if the loan is over $6,000; or (ii) $5.
**SECURITY.** If checked here ( ), I am giving you a security interest in the following property: 1999 Aquasport Osprey 225
**FILING FEES** $ 30
**VSI INSURANCE.** If this loan is secured by a motor vehicle, vendors single interest insurance is required. I may purchase this insurance from an insurer of my choice acceptable to you, or I may purchase it from you at a cost of $ 25.__ . If initialed here KPG, I prefer to buy it from you.

**PROPERTY INSURANCE.** If this loan is secured, except if I am placing the property in your possession, I must obtain property insurance from an insurer of my choice that is acceptable to you.
**CONTRACT TERMS.** See the contractual provisions for additional information about non-payment, default, the right to accelerate the maturity of the obligation, and prepayment penalties.
**ITEMIZATION.** I have the right to receive an itemization of the amount financed.
___ I want an itemization. ___ I do not want an itemization.
Initials          Initials
**VARIABLE RATE:** If checked here [ ], this loan contains a variable rate feature and (check applicable box): ( ) variable rate disclosures describing this feature were provided to me earlier. ( ) The annual percentage rate on this loan may increase on _____, 19___, and every ___ months thereafter (the "Adjustment Dates"), to reflect the value of the Prime Rate most recently published in the "Money Rates" section of The Wall Street Journal 7 days before the Adjustment Date plus ___ percentage points, provided that the rate will never be increased above the maximum rate permitted by law. If this loan is secured by a dwelling, the rate will never be increased over the maximum rate permitted by law or 18% per year, whichever is lower. If the annual percentage rate increases, the amount of my monthly payments will also increase. For example, if the interest rate on this loan increased to ___ % after ___ months, the amount of the remaining monthly payments would increase to $ ___.

**ITEMIZATION OF AMOUNT FINANCED.** The Amount Financed, as disclosed above, includes:
1. Amount given to me directly..................... $ ___
2. Amount paid on my account ..................... $ ___
3. Amount paid to others on my behalf............ $ ___
consisting of:
a. $ ___ to public officials;
b. $ ___ to insurance companies;
c. $ ___ to ___
d. $ ___ to ___
Prepaid Finance Charge (loan processing fee) ... $ ___

**INSURANCE: YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE, WHICH IS DISCLOSED BELOW FOR THE ENTIRE TERM OF THIS LOAN.**
Insurance eligibility is subject to limitations. See Credit Insurance Certificate for specific details.

| Type | Term | Premium | Option | Borrowers' Initials |
|---|---|---|---|---|
| Credit Life Insurance | months | $ ___ | I want credit life insurance | N/A |
|  | months | $ ___ | We want credit life insurance |  |
|  | N/A | N/A | I/We do not want credit life insurance | KPG |
| Credit Accident & Health Insurance | months | $ ___ | I want credit A & H insurance | N/A |
|  | N/A | N/A | I do not want credit A&H insurance | KPG N/A |

Check as applicable:
(✓) (Non-Rescindable Loans) The Borrower(s) acknowledge(s) receipt of a completed copy of this Promissory Note and Disclosure.
( ) (Rescindable Loans) Each Borrower acknowledges receipt of a completed copy of this Promissory Note and Disclosure and two completed copies of the Notice of Right to Cancel.

Executed under seal. If Security Agreement on reverse side is applicable (see below), any Borrower signing below acknowledges reading the Security Agreement on the reverse side before signing and understands that if any Borrower has any right, title or interest in the collateral that by signing below, such Borrower is signing not only the note but is also signing the Security Agreement.

Borrower: _Kevin P. Gray_

Borrower: _____

Loan Number: _____

**SECURITY AGREEMENT** – ( ) If checked here, the agreement on the reverse side is applicable. Any person signing below is not signing as a party to this note but is signing as a party to the Security Agreement on the reverse side and acknowledges reading both the note and the Security Agreement.

Description of Property Given as security:
1999 Aquasport Osprey
Serial # - AQABHA5IA999

Address at which property described above will be kept, if applicable:





