UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GAFFEY and KEVIN GAFFEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ACADIA INSURANCE COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO.: 04-CV-12354-RGS |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS
IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND TO DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

NOW COMES, the Plaintiffs, Brian and Kevin Gaffey to submit their responses to Acadia's Statement of Facts in its Opposition to Plaintiffs' Motion for Partial Summary Judgment and the Statement of Material Facts in the Defendant's Cross-Motion for Summary Judgment.  It should be noted that paragraphs 1 through 38 in both documents are identical.  Paragraph 39 is only in Acadia's Statement of Facts in its Opposition to Plaintiffs' Motion for Partial Summary Judgment.  The facts set out in the numbered paragraphs of the Defendants documents are the same.  Plaintiffs are giving their responses as follows to those numbered paragraphs:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7.  Qualify. The agreement to sell the Aquasport and purchase the Mako was all subject to a satisfactory survey of the Mako. See Plaintiffs' Statement of Facts (PSF) ¶11.

8.  Admit.

9.  Qualify. Friedman was allowed to market the vessel until a satisfactory survey was received on the Mako. Plaintiffs received an unsatisfactory survey which caused the oral agreement between the parties to end. At that time Friedman no longer had authority to market the vessel. See PSF ¶¶12-14.

10. Admit.

11. Admit.

12. Qualify. The Gaffeys were prepared to sell their vessel through Friedman assuming on the condition that a satisfactory survey was obtained on the Mako. See PSF ¶11.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Qualify. The Gaffeys understood that they were proceeding with the sale of their vessel that was to be consummated at a closing. See PSF ¶21.

19. Admit.

20. Admit.

21. Qualify. The Plaintiffs signed a bill of sale that was never completed. See PSF ¶23.

22. Qualify. The Plaintiffs signed a bill of sale that was never completed. See PSF ¶23.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Qualify. Gaffeys knew that Jordan had the vessel, but they did not know where it was berthed. See Plaintiff's Exhibit D, Bate Stamp 57, 76-77.

30. Qualify. Acadia has set forth correctly the portion of Brian Gaffey's testimony, however, Pamela Jordan never told the Gaffeys where the boat was actually kept. See Plaintiff's Exhibit D at Bate Stamp 57, 76-77.

31. Admit.

32. Admit.

33. Qualify. Defendant cites to Plaintiff's Exhibit D at Bates Stamp 87. It is the Plaintiff's belief that Defendant intended to cite to Plaintiff's Exhibit D at Bates Stamp 49 or Plaintiff's Exhibit K at Bates Stamp 87. Either way, said document also states that "Payment to Seller was to be made prior to the delivery of the boat...."

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Deny. Acadia does not have any direct or indirect evidence to contest paragraphs 11, 14, 21 and 29 of Plaintiffs' Statement of Material Facts. As such, Acadia's position on this

particular paragraph should be found in favor of the Plaintiff. Additionally, Acadia's position on these paragraphs ignores the fact that Acadia believed the Plaintiffs to be truthful.

          Respectfully submitted

          Brian and Kevin Gaffey
          By their attorney,

          /s/ David S. Smith

          _____
          David S. Smith, Esq., BBO# 634865
          Cianciulli & Ouellette
          163 Cabot Street
          Beverly, MA 01915
          (978) 922-9933

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 22nd day of February, 2006.

          /s/ David S. Smith
          _____
          David S. Smith