UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GAFFEY and KEVIN GAFFEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ACADIA INSURANCE COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO.: 04-CV-12354-RGS |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR PROPOSAL FOR FINAL JUDGMENT**

INTRODUCTION

The Plaintiffs filed a motion for summary judgment seeking the collection of $34,184.17 plus interest, costs and attorneys fees. The Court granted the Motion, and ordered the Plaintiffs to submit a proposed form of Final Judgment. After discussions with Defendants counsel and in anticipation of their objections to the proposed form, the Plaintiffs needed to set forth both fact and law why they are entitled to the proposed form of judgment filed herewith.

BACKGROUND

Plaintiffs' purchased the subject vessel in August 27, 2001 after having it surveyed with an agreed value of $37,000.00. See Docket Number 23, Plaintiffs' Statement of Facts (PSF¶¶ 1 and 6. The Plaintiffs' procured insurance from the defendant for the vessel with the agreed value of the vessel of $37,000.00. See Docket Number 23, PSF ¶7. Said policy was renewed in October of 2002 at the same value. Id. Plaintiffs filed a claim for the theft of their vessel. Id. at ¶33. Acadia denied the claim on October 6, 2003. See Id. at Exhibit K, Bate Stamp 075. See also ¶34-35.

Plaintiffs' were forced to deal with litigating title issues with a woman from Rhode Island. See Docket Number 23 PSF ¶¶44-48. As a result of those proceedings, the Plaintiffs were able to recover $12,000.00 from Jordan and her broker, but at a cost of $9,184.17. Id. at 48, 50.

Acadia's adjusters testified at deposition that when there is a complete loss under an agreed value policy, Acadia must pay out that agreed value which in this case is $37,000.00. See Docket Number 23, PSF ¶58. See also Docket Number 23 at Exhibit J at page 40. Nowhere in Acadia's opposition to Plaintiffs' motion for summary judgment did Acadia challenge any of the Plaintiffs' damages. See Docket Number 27.

ARGUEMENT

Acadia has not challenged any aspect of the Plaintiffs' damages in the underlying summary judgment motions. Therefore, any challenge by Acadia as to the Gaffeys' damages should be deemed waived.

    **a.    Agreed Valuation Policy**

The general rule is absent bad faith, fraud or misrepresentation, in the event of a total loss, the assured can collect the agreed valuation of property insured under an agreed valuation policy and that is supported by the subject policy. The policy in question states under Section A What We Will Pay sub paragraph 9:

> If any insureds property is stolen and not recovered within 30 days after you present your claim to us or our agent, the property shall be considered totally lost.

Clearly the vessel was not recovered within 30 days of the date the Gaffeys submitted the claim. The Court considered the Gaffey's claim to be a complete loss as a result of theft. See foot note 6 of the decision. Therefore, based upon Acadia's own admissions, the language of the policy

and the Court's findings, Acadia is obligated under the policy to pay the agreed value of $37,000.00 to the Gaffeys.

    **b.**     **Mitigation**

In an action for breach of an insurance contract, an assured is expected to take such affirmative steps as are appropriate in the circumstances to avoid losses by making substitute arrangements or contracts with third parties. See *Dodd v. Jones,* 137 Mass. 322, 323 (1884). The injured party may also recover all expenses reasonably incurred to avoid the loss or reduce it, even if unsuccessful. See *Automated Donut Systems, Inc. v. Consolidated Rail Corp.*, 12 Mass.App.Ct. 326, 334-335, 424 N.E.2d 265, 271 (1981). See 22 Am.Jr.2d, Damages §§608, 609. See Restatement, 2d Contracts, §350(2) and Comments h.

In this instance, the Gaffey's used Bertram Snyder of Looney and Grossman as their attorney in dealing with Jordan. Attorney Snyder has been retained by Acadia in the past to handle other matters. Attorney Snyder with local counsel in Rhode Island was successful in obtaining $12,000.00 from Jordan. However, that $12,000.00 cost the Plaintiffs $9,184.17 in legal fees and costs. Thus, while Acadia may want to refuse to pay the legal fees directly as perhaps not covered under the policy, Acadia is only entitled to a net adjustment to the Agreed Value of the policy of $12,000 less the reasonable costs of $9,184.17. Therefore Acadia owes the Gaffeys $34,184.17 under the policy after taking into account the Gaffeys' mitigation efforts.

    **c.**     **Pre-Judgment Interest**

The Gaffeys are entitled to prejudgment interest. The purpose of the admiralty rule of awarding interest absent special circumstances is to place the injured party in the same position he would have occupied had the defaulting party fulfilled its obligations applies to insurance claims. See *New Zealand Ins. Co. v. Earnmoor S.S. Co.,* 79 Fed. 368 (9th Cir. 1897); See

*George's Radio &Television Co. v. Ins. Co. of North America*, 536 F.Supp. 681 (D. Mo. 1982)(awarded interest on a hull claim from the date of denial of the claim). Said interest is in addition to the policy limits. *Reading & Bates Corp. v. All American Slip*, 953 F.Supp. 92, 1998 AMC 197 (S.D.N.Y 1997).

Generally, the federal courts are not bound by state-prescribed legal interest rates. The First Circuit has stated that although an admiralty court "is not bound by the forum's local rate of interest, it is well established that it may use the law of the forum as its guide." *United States v. M/V Zoe Colocotroni,* 602 F.2d 12, 14 (1st Cir. 1979). Massachusetts currently awards prejudgment interest at the rate of 12% from the date of demand or breach, in contract cases. See M.G.L. c. 231 §6C. In many different Admiralty cases in the Massachusetts district, interest rates have exceeded the state rate that was in place at the time.

Within the First Circuit, there have been many older cases applying a 6% rate for prejudgment interest. See *Algonquin Deep Sea Research Corp. v. Perini Corp.,* 353 F.Supp. 561 (1973). There have been other admiralty cases where they have adopted the state rate. See *Puerto Rico v. SS Zoe Colocotroni (DC Puerto Rico) 456 F.Supp. 1327, affd in part and vacated in part on other gnds (CA1 Puerto Rico) 628 F.2d 652, 15* Envt Rep Cas *1675, 30* FR Serv 2d 244, 10 ELR 20882, cert den. 450 U.S. 912, 67 Led.2d 336, 101 S.Ct. 1350; *Nicodemisen v. O/S/F/V Dartmouth*, 157 F.Supp. 339.

The Gaffeys borrowed monies from credit card as a direct result of the negative impact to their cash flow to pay for the attorneys they hired and to pay off Eastern Bank and repay Brian Gaffey's 401K. For Kevin Gaffey, his interest rate is 11% on his credit card. See Exhibit "A" attached hereto. While Brian Gaffey lost the use of his money in his 401K at a loss to his return at the rate of 14.4%. See Exhibit "B" attached hereto.

In this instance, there are Massachusetts residences obtaining an insurance policy for their vessel kept in Massachusetts that was issued by an insurance company that is licensed to sell insurance in Massachusetts. Given the fact that the First Circuit recognizes that the Massachusetts statute c. 231 §6C could be applied, it should be used here given the strong Massachusetts interest in the facts of this case. Clearly, the Massachusetts state rate is in line with the Gaffey's loss and would be the best number to place them in a position they would have occupied had Acadia paid under the policy in October 6, 2003 instead of denying coverage.

    d.    **Costs**

The Plaintiffs are also entitled to costs. The costs associated with the action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. §1920, the Plaintiff is entitled to recover the filing fee of $150.00. Additionally, the Plaintiff used the depositions of Kevin and Brian Gaffey as well as Claire Mullaney and Barbara Taylor for the Plaintiffs' Statement of Facts in Support of their Motion for Partial Summary Judgment. The total costs of those depositions was $776.70. See Exhibit "C" attached hereto for individual breakdown. As a result, the Plaintiffs are entitled to a total award of costs of $926.70.

    e.    **Attorneys Fees and costs for this action.**

The Plaintiffs sought in their motion as to Count I an award of attorneys fees and costs. This request was separate and distinct from Count II violations of Chapter 93A and Chapter 176D(3)(9)(f) and (g). Massachusetts has carved an exception to the "American Rule." See *Waldman v. American Honda Motor Co.*, 413 Mass. 320, 321, 597 N.E.2d 404 (1992). Massachusetts Courts have allowed the award of attorneys fees when an insurance company denies coverage for a loss even when there is no bad faith on the part of the insurer. See *Wilkinson v. Citation Insurance Company, Inc.,* 18 Mass.L.Rep. 700, 2005 Mass.Super.LEXIS

21 (2005). The policy for allowing such an exception is that the promise to indemnify is the consideration received by the insured for payment of the policy premiums. Id. citing *Rubenstein v. Royal Ins. Co.,* 429 Mass. 355, 359, 708 N.E.2d 639 (1999). "To impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of the bargain." Id. at 360. The test as stated in *Rubenstein,* 429 Mass. at 360 is:

> "The entitlement of an insured to attorneys fees and costs incurred in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exists ... The only consideration relevant to our inquiry are that the [plaintiffs] paid premiums to, and purchased comprehensive general liability insurance from, the defendant..."

Clearly, the Gaffeys paid the premium long after the theft. Since the Gaffeys are entitled to coverage, they should be allowed to receive attorneys fees and costs of this action as well. Attached hereto as Exhibit "D" is an invoice for the service rendered to the Gaffeys for this matter totaling $19,259.06 for attorneys fees and costs. Plaintiffs seek only $18,332.36 as the remaining $926.70 was addressed above as part of Rule 54(d) costs.

CONCLUSION

For the foregoing reasons, the Plaintiffs pray that this Honorable Court award $34,184.17 plus pre-judgment interest at the rate of 12% per annum from the date Acadia denied coverage, October 6, 2003 plus costs in the amount of $926.70, plus an award of $18,332.36 for attorneys fees and costs.

Respectfully submitted,
Plaintiffs Brian and Kevin Gaffey
By his attorney

/s/ David S. Smith

_____
David S. Smith, Esq.
BBO No.: 634865
Cianciulli & Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 2nd day of October, 2006.

/s/ David S. Smith

_____
David S. Smith