**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION
NO. 04-CV-12354-RGS

BRIAN AND KEVIN GAFFEY            )
                                  )
                Plaintiffs        )
      v.                          )
                                  )
ACADIA INSURANCE                  )
COMPANY                           )
                                  )
                Defendant         )

**DEFENDANT'S OBJECTION TO PLAINTIFFS' PROPOSED FORM OF FINAL JUDGMENT, WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES Defendant, Acadia Insurance Company ("Acadia"), by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 7.1(B) of the Local Rules of the United States District Court for the District of Massachusetts and the Court's Order dated September 25, 2006, objects to Plaintiffs' Proposed Form of Final Judgment as follows:

ARGUMENT

1. <u>The Amount of the Judgment Should Be No More Than $25,000.00.</u>

The undisputed facts show that it would take just $15,000.00 to make Plaintiffs "whole." Notwithstanding the valuation of their vessel at $37,000.00 for insurance purposes, Plaintiffs acknowledged in 2003 that the boat's fair market value was actually $27,000.00. That was the price at which they agreed to sell the vessel, and that is the total amount they would have received had their broker not absconded with the sale proceeds. Furthermore, despite their broker's defalcation, they succeeded in reselling the

1

boat to Pamela Jordan for $12,000.00. Hence, they lost no more than $15,000.00, and any recovery in excess of $15,000.00 represents a clear windfall.

Nevertheless, Acadia is not claiming fraud and stands by its agreement to insure the vessel for $37,000.00. It is undisputed that Plaintiffs succeeded in reducing their loss by reselling the vessel for $12,000.00. Consequently, the amount owed under the policy pursuant to the Court's decision is $25,000.00.[1]

Plaintiffs attempt to tack on nearly $10,000.00 to that amount by claiming their attorney's fees in the Rhode Island litigation with Ms. Jordan as their "cost of mitigation." Plaintiffs are not entitled to this additional amount for at least three reasons.

First, the only support in the record for this claim consists of correspondence from Plaintiffs' counsel, identified as "the 93A Demand letter sent to Acadia" (Plaintiffs' Exhibit "D"), along with an attachment purported to be an invoice from a different law firm. This documentation constitutes double inadmissible hearsay: Counsel's correspondence (in which legal expenses are claimed in an amount ($9,120.61) that does not even correspond with the sum ($9,184.17) Plaintiffs now demand) is obviously inadmissible hearsay; and the unauthenticated attachment, lacking any foundation as a business record, is likewise inadmissible. Such inadmissible evidence may not be considered on summary judgment. *See Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 32 (1st Cir. 2003); F.R. Civ. P. 56(e).

Second, even if these documents could be considered, there is no indication in the record that they reflect costs of mitigation. They are cited to support the following statement in Plaintiffs' summary judgment materials: "The Gaffeys expended $9,184.17

---

[1] In arguing that under the Court's decision a judgment should be entered for $25,000.00, Acadia is not waiving any right it may have on appeal to argue that the decision was in error.

2

in legal fees and costs in defending the Jordan law suit and in resolving the title dispute to the vessel." *See* Plaintiffs' Statement of Facts, ¶50. Plaintiffs have not shown that defending a lawsuit brought by the vessel's purchaser was a necessary cost of mitigating Plaintiffs' damages.

Third, the rule is well entrenched that absent a statutory or contractual provision to the contrary, attorneys' fees may not be shifted to another party. *See, e.g., Mullane v. Chambers*, 333 F.3d 322, 337-38 (1st Cir. 2003); *Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646, 656-57 (5th Cir. 2004). The Acadia policy provided no coverage for the litigation of a title dispute over the insured vessel, and therefore the American Rule applies. The rule should not be disregarded merely because the actions of a party's litigation counsel arguably were instrumental in achieving mitigation. *Franklin Federal Savings Bank v. United States*, 55 Fed. Cl. 108, 123 (2003). Thus, it has been held: "The plaintiffs cannot change the essential character of their claim, which is for litigation costs incurred in their district court action, by re-labeling it as a claim for the 'costs of mitigation.'" *Id*; *see also Chevron U.S.A., Inc. v. United States*, 71 Fed. Cl. 236, 269 (2006) ("A plaintiff, however, cannot circumvent the American Rule by re-characterizing litigation expenses as reliance damages"). Hence, Plaintiffs have failed to demonstrate that they are entitled to an award of $34,184.17, rather than $25,000.00.

    2. <u>Plaintiffs Are Not Entitled to 12% Interest</u>.

The availability of prejudgment interest in an action on a yacht policy is governed by federal maritime law, not state law. *See New England Mutual Insurance Co. v. Dunham*, 78 U.S. (11 Wall.) 1, 30-35, 20 L. Ed. 90 (1871); *Acadia Insurance Co. v.*

*McNeil*, 116 F.3d 599, 601 (1st Cir. 1997). The federal maritime rule is that such an award rests in the sole discretion of the factfinder. *Scola v. Boat Frances, R., Inc*., 618 F.2d 147, 150 (1st Cir. 1980); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052-53 (1st Cir. 1973). Such an award must serve a compensatory, rather than a punitive, function. *See Trinidad Corp. v. S.S. Keiyoh Maru*, 845 F.2d 818, 828 (9th Cir. 1988). It is intended to make the plaintiff whole, *New York Marine & General Insurance Co. v. Tradeline* (L.L.C.), 266 F.3d 112, 131 (2d Cir. 2001), and is subject to equitable considerations, s*ee Oldham v. Korean Airline Co*., 326 U.S. App. D. C. 375, 127 F.3d 43, 54 (D.C. Cir. 1997).

Here, an award of prejudgment interest is not needed to make Plaintiffs whole. As previously noted, Plaintiffs are already receiving a $10,000.00 windfall. Furthermore, where an insurance claim is contested in good faith and on a reasonable basis, that fact alone is deemed a sufficient basis to deny interest. *See, e.g., First Union Commercial Corp. v. GATX Capital Corp*., 411 F.3d 551, 558 (4th Cir. 2005); *Mills v. River Terminal Railway Co*., 276 F.3d 222, 228 (6th Cir. 2002). This Court has acknowledged that the contested coverage issue was a close question.

Even if the Court chooses to award some interest, there is no reason to use a rate as high as 12%. A fair rate ordinarily would be equivalent to the three-month Treasury bill rate. *See, e.g., New York Marine*, 266 F.3d at 131; *Bruzzone Consolidation, Inc. v. M/V Blue Eagle*, 713 F.Supp. 146, 153 (D. Md. 1989); *Portland Pipe Line v. M/V Barcola*, 1982 A.M.C. 2725, 2739 (D.Me. 1982); *see also Pimentel v. Jacobsen Fishing Co*., 102 F.3d 638, 640 (1st Cir. 1996) (52-week T-bill rate). Plaintiffs cannot create a factual issue that they have been paying interest at a higher rate by filing affidavits *after*

4

the cross-motions for summary judgment have been decided.  *See Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) (untimely affidavits were improperly before court).  The affidavits should be stricken and disregarded, for the same reason that once a jury returns its verdict it is too late to ask for prejudgment interest.  *See Scola*, 618 F.2d at 150; *Robinson*, 477 F.2d at 1052-53.

      Furthermore, though Plaintiffs seek interest from the date Acadia denied coverage (October 6, 2003), they failed to commence this action for more than a year thereafter.  Given Plaintiffs' unexplained and unilateral delay, it would be unfair to make interest run from the date of Acadia's denial rather than the commencement of this action.  *See e.g.*, *Portland Pipe Line v. M/V Barcola*, *supra* at 2738.

      3.  <u>Plaintiffs Are Not Entitled to an Award of Attorneys' Fees</u>.

      Though they lost their Chapter 93A claim, Plaintiffs now claim for the first time to be entitled to an award of attorneys' fees under the authority of *Rubenstein v. Royal Insurance Co.,* 429 Mass. 355, 708 N.E.2d 639 (1999).  In *Rubenstein* and a similar case, the Massachusetts Supreme Judicial Court carved a narrow exception to the American Rule where an insured brings a declaratory judgment action against his liability insurer to establish the insurer's duty to defend.  *Id*. at 359-60; *Preferred Mutual Insurance Co. v. Gamache*, 426 Mass. 93, 96-97, 686 N.E.2d 989 (1997).  The instant case does not involve either liability insurance or the duty to defend.  Moreover, this is not a declaratory judgment action; Plaintiffs' claims are limited to straight breach of contract (Count I) and Chapter 93A (Count II).  Hence, even if state law applied, Plaintiffs would have no basis for claiming attorneys' fees.  *See, e.g., Herbert A. Sullivan, Inc. v. Utica*

5

*Mutual Insurance Co.*, 439 Mass. 387, 398, 788 N.E.2d 522, 533 (2003) (distinguishing *Rubenstein* and *Gamache*); *Waldman v. American Honda Motor Co.*, 413 Mass. 320, 321, 597 N.E.2d 404 (1992) (applying American Rule); *John Hancock Mutual Life Insurance Co. v. Baneriji*, 12 Mass. L. Rep. 405, 2000 Mass. Super. LEXIS 479, *49 ("Given that this is an exception to the traditional rule that each party bears its own attorneys' fees and costs, it should not be expanded beyond the limited factual situation as set forth in *Gamache* and *Rubenstein*").

State law does not apply, however. Just as the award of interest in a maritime case is governed by federal, not state, law, so, too, is the award of attorneys' fees. *See, e.g., American National Fire Insurance Co. v. Kenealy*, 72 F.3d 264, 271 (2d Cir. 1995) (finding established federal maritime law prohibiting attorneys' fees in marine insurance contract disputes); *Southworth Machinery Co. v. F/V Coney Pride*, 994 F.2d 37, 41-42 (1st Cir. 1993); *Sosebee v. Rath*, 893 F.2d 54, 56-57 (3d Cir. 1990). Under the admiralty rule, as previously stated, attorneys' fee awards are barred absent express statutory or contractual authorization. *See id*; *Adams*, 364 F.3d at 656-57. Thus, absent independent liability under a statute permitting attorneys' fees (*e.g.*, Chapter 93A), there is no basis for assessing such fees against a marine insurer.

4. <u>Plaintiffs' Recoverable Costs Are Limited to $567.50</u>.

Among other things, Plaintiffs seek $359.20 as costs for the depositions of two Acadia representatives, Claire Mullaney and Barbara Taylor. These depositions were used solely in connection with Plaintiffs' unsuccessful Chapter 93A claim; they had no bearing on Plaintiffs' underlying claim that they suffered a covered loss. Since Plaintiffs

were not the prevailing party with respect to these depositions, costs associated with them should not be taxed. Subtracting these costs leaves a balance of $567.50.

## CONCLUSION

Plaintiffs are seeking to transform a $25,000.00 case into a $65,000.00 recovery, by appending attorneys' fees, interest, and other sums to which they are not entitled. Any judgment in favor of Plaintiffs should be no greater than $25,000.00, with no interest or attorneys' fees, plus costs of $567.50.

Dated at Portland, Maine this 12th day of October, 2006.

                               ACADIA INSURANCE COMPANY

                               By its Counsel:

                               /s/Leonard W. Langer

                               /s/Marshall J. Tinkle
                               BBO# 565513

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
(207) 874-6700
lwlanger@tchl.com

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on October 12, 2006, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  David S. Smith Esq., Cianciulli & Ouellette, 163 Cabot St., Beverly, 01915, counsel for Plaintiff.

                               /s/  Leonard W. Langer

Acadia/Gaffey
Obj Plt Mot Form of J