UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GAFFEY and KEVIN GAFFEY,   )<br>  )<br>Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>ACADIA INSURANCE COMPANY,   )<br>  )<br>Defendant.   ) | CIVIL ACTION<br>NO.: 04-CV-12354-RGS |

**PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTION TO PROPOSED
FORM OF FINAL JUDGMENT**

NOW COMES, Plaintiffs, Brian Gaffey and Kevin Gaffey to reply to Defendant's Objection to Plaintiffs' Proposed Form of Final Judgment as follows:

1. Plaintiffs set forth the amount of their attorneys fees in Paragraph 50 of the Plaintiffs Statement of Facts in support of their Partial Motion for Summary Judgment.

2. The Defendant filed their response to the Statement of Facts. The Defendant challenged various paragraphs submitted by the Plaintiffs but **did not challenge** paragraph 50 and thus has waived the right to challenge it now.

3. The Defendant also in its opposition to the Statement of Facts made it clear in paragraphs 34 through 36 acknowledging the suit by Gaffey and that as a result of that law suit, there was "an out-of court resolution, whereby the Gaffeys received a total of $12,000.00 from Ms. Jordan and her Broker in exchange for a release and transfer of title to the vessel." See ¶36.

4. Plaintiff Brian Gaffey testified at his depositions that they had to retain counsel in order to deal with the Jordan lawsuit. See Plaintiffs' Exhibits B at pages 50-52, 56-57, 62, 65-67.

5. Now that Acadia has lost, it now chooses to challenge the admissibility of attorney fee records from an attorney that has not only been retained by Acadia on several different matters but is also known to Defendant's counsel. The objection to those records is disingenuous and exalting form over substance as there is no factual dispute that the Gaffeys paid those fees in connection with the Jordan litigation.. However, to the extent the Court would like a supplemental affidavit to avoid a trial, the Plaintiffs are submitting herewith a supplemental affidavit from Brian Gaffey and ask that the Court accept this supplemental affidavit filed herewith pursuant to Rule 56 as nothing contained therein is a surprise to the Defendant.

6. To be clear, the amount of the attorneys fees and expenses submitted at Exhibit D at pages134-152 is $9,184.17[1].

7. Plaintiffs did claim in their brief an award of attorneys fees under the authority of *Rubenstein v. Royal Insurance Co.,* 429 Mass. 355, 708 N.E.2d 639 (1999). See Plaintiffs' Memorandum at page 11-12.

8. As stated in the parties statement of facts, Plaintiffs settled the matter with Jordan in March of 2004. They proceeded onward with retaining new counsel due to Attorney Snyder's conflict with Acadia. Under signed counsel forwarded a 93A demand letter in September of 2004. Suit was filed in November of 2004. There was not any delay in filing this lawsuit, Plaintiffs mitigated their damages and then moved on to file suit after sending a new demand letter.

9. Claire Mullaney and Barbara Taylor were not deposed solely in connection with Plaintiffs 93A claim. In fact their deposition testimony was used in the Plaintiffs' claim

---

[1] It should be noted that an affidavit was submitted by undersigned counsel stating that said Exhibit D was a true and accurate copy of the document that was sent to Acadia. See First Affidavit of David S. Smith at ¶5.

for coverage in the case. See Plaintiffs' Statement of Facts at ¶¶34-38 and 53, 54 56-58. Those paragraphs were referred to in the Plaintiffs' Memorandum supporting partial summary judgment. As such, the deposition costs of Claire Mullaney and Barbara Taylor should be awarded as well.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court award them the Judgment that they requested. Alternatively, accept the supplemental affidavit filed herewith concerning the $9,184.17 in legal fees paid by the Plaintiffs to Attorney Snyder and Attorney Dougherty associated with mitigating their damages.

REQUEST FOR ORAL ARGUMENT

Respectfully submitted,
Plaintiffs Brian and Kevin Gaffey
By his attorney

/s/ David S. Smith

_____
David S. Smith, Esq.
BBO No.: 634865
Cianciulli & Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 16th day of October, 2006.

/s/ David S. Smith

_____
David S. Smith